734 P.2d 669

STATE of Idaho, Plaintiff-Respondent,

v.

Jimmy G. SIMPSON, Defendant-Appellant.

No. 16402.

Court of Appeals of Idaho.

March 3, 1987.

Rehearing Denied April 16, 1987.

Dan J. Rude, Coeur D'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman (ar-

gued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

We are asked to decide whether, in the circumstances of this case, the Fourth Amendment permits a law enforcement officer to stop a motor vehicle for the purpose of warning against violations of misdemeanor statutes. The issue is presented by Jimmy Simpson, who has appealed a judgment of conviction for driving under the influence of alcohol. Simpson entered a conditional plea of guilty after a magistrate denied his motion to suppress evidence obtained when an officer stopped his vehicle. Simpson contended that the stop was an unconstitutional seizure. The magistrate's ruling on the suppression motion was upheld by the district court. Simpson then brought this case to us. We affirm.

The facts are undisputed. A Kootenai County Sheriff's deputy was dispatched to the Coeur d'Alene Yacht Club to investigate a citizen complaint that a boat was being operated improperly. When the deputy arrived, he spoke with the citizen and recognized him as a local businessman. The citizen identified the boat in question, which at that time was being loaded on a trailer. The citizen stated that the boat had been occupied by a man and his family. The citizen said he saw the boat, operated by the man, traveling at excessive speed through a "no wake" zone and weaving from side to side in a channel near the marina. He said he had observed a similar problem, involving the same boat and operator, on a previous occasion. The citizen did not desire to sign a complaint, but he suggested that the deputy issue a warning.

Because the boat was being loaded in a secure area behind a locked gate, the deputy did not approach it immediately. He observed the loading process and watched as the boat, towed by a van, left the premises. The deputy followed the van, observing no irregularities in the vehicle's operation. After the van reached a public highway and had traveled some distance, the deputy made a traffic stop. He approached the vehicle to discuss the boating incident. He asked the driver, appellant Simpson, to step outside. He noticed that Simpson appeared to be intoxicated. The deputy administered field sobriety tests, which Simpson failed. He placed Simpson under arrest for driving a motor vehicle under the influence. A chemical test later revealed that Simpson's blood-alcohol content was .15%, exceeding the .10% limit prescribed by I.C. § 18–8004.

At a hearing on his motion to suppress, Simpson did not dispute the deputy's testimony concerning the facts obtained from the citizen at the Yacht Club. Neither did Simpson claim that the traffic stop was merely a pretext for a DUI investigation. Rather, he argued that the stop, made for the purpose of warning against improper operation of his boat, was an unreasonable seizure under the Fourth Amendment.

The Fourth Amendment protects the people from "unreasonable" searches and seizures. Here, the rigorous rules pertaining to the warrant clause have no application. We simply must decide whether a seizure occurred and, if so, whether it was reasonable. The answer to the first inquiry appears to be well settled. Stopping an automobile and detaining its occupants will be deemed a seizure under the Fourth Amendment, "even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1395–96, 59 L.Ed.2d 660 (1979). *See also, e.g., State v. Haworth,* 106 Idaho 405, 679 P.2d 1123 (1984); *State v. Reed,* 107 Idaho 162, 686 P.2d 842 (Ct. App.1984). Here, the state concedes that the deputy seized Simpson's person and vehicle when making the traffic stop.

The second inquiry, whether the seizure was reasonable, requires greater elaboration. The determination of reasonableness turns upon a balancing of individual privacy interests and governmental interests. "[T]he reasonableness standard usually requires, at a minimum, that the facts upon which an intrusion is based be capable of measurement against 'an objective standard' whether this be probable cause or a less stringent test." *Delaware v. Prouse, supra,* 440 U.S. at 654, 99 S.Ct.

at 1396 (footnotes omitted). In the context of a traffic stop, the Fourth Amendment requires "at least articulable and reasonable suspicion ... that either the vehicle or an occupant is ... subject to seizure for violation of law...." *Id.* at 663, 99 S.Ct. at 1401.

■■■■ In the present case, the deputy clearly had "at least articulable and reasonable suspicion" that Simpson had violated one or more misdemeanor statutes regulating the operation of boats. *See* I.C. § 49–3216 (speeding), I.C. § 49–3213 (negligent operation) and I.C. § 49–3222 (interference with navigation).[1] Indeed, as the magistrate noted, the deputy actually had probable cause, based on the citizen's eyewitness account at the Yacht Club, to believe that Simpson had committed such violations.[2] Although the deputy had no authority to make a warrantless arrest for misdemeanor offenses committed outside his presence, *see* I.C. § 19–603, he was authorized to issue a citation as provided in I.C. § 19–3901. *See also* Rule 5, Idaho Misdemeanor Criminal Rules.[3]

Nothing in *Delaware v. Prouse,* as we read it, prohibits the stopping of a vehicle to issue a citation based on probable cause. Because probable cause existed in this case, and because the officer could have issued a citation had he chosen to do so, the reasonableness of the seizure is more firmly established than if the stop had been predicated upon mere suspicion. In the latter type of case, the balance may tip against the reasonableness of a seizure. *See, e.g., Campbell v. State of Washington Department of Licensing,* 31 Wash.App. 833, 644 P.2d 1219 (1982) (uncorroborated tip that a motorist is intoxicated, unaccompanied by any factual foundation, does not give rise to reasonable suspicion); *In re Tony C.,* 21 Cal.3d 888, 148 Cal.Rptr. 366, 582 P.2d 957 (1978) (mere curiosity or hunch does not constitute reasonable suspicion); *State v. Dillon,* 308 Minn. 464, 242 N.W.2d 84 (1976) (speculation does not suffice to establish reasonable suspicion).

Nevertheless, Simpson argues that the seizure in this case was unreasonable because, in his view, it did not serve an important governmental interest. He urges that the governmental interest was diminished because the officer's purpose in making the stop was not to issue a citation but merely to give a warning. This argument invites us to determine the validity of a seizure by reference to the police officer's subjective intent.

■■■■ The role of subjective intent in Fourth Amendment jurisprudence is open to debate. *See generally* W. LaFAVE, SEARCH AND SEIZURE § 9.2(g) (1978). Clearly, a police officer's intent cannot be the exclusive criterion of reasonableness. If it were, privacy interests protected by the Fourth Amendment would be mere by-products of an officer's state of mind. On the other hand, the officer's purpose is not totally irrelevant. If it were, the Fourth Amendment arguably would bar any detention not objectively based on reasonable suspicion—even if the detention were incident to a wholly unoffensive community service such as stopping a motorist to warn him of hazardous road conditions. *See In re Tony C., supra; Batts v. Superior Court of Orange County,* 23 Cal.App.3d 435, 100 Cal.Rptr. 181 (1972). Both objective and subjective factors are pertinent to

---

1. These statutes, embodied in the "Idaho Safe Boating Act," recently were recodified. They now appear in title 67, chapter 70, of the Idaho Code.

2. Probable cause is established by information which would lead an ordinary and prudent officer to believe that the individual in question has committed an offense. *E.g., State v. Polson,* 81 Idaho 147, 339 P.2d 510 (1959); *State v. Autheman,* 47 Idaho 328, 274 P. 805 (1929).

3. During oral argument in this case, the scope of I.C. § 19–3901 was questioned. Title 49 of the Idaho Code, relating to motor vehicles, contains a provision governing the issuance of citations. Idaho Code § 49–1114 authorizes an officer to issue a citation for a motor vehicle offense, committed outside his presence, *if* an accident has occurred and the officer acquires probable cause in the course of his investigation. Because the issue before us relates to the boating statutes, we need not decide whether I.C. § 49–1114 impliedly limits the application of I.C. § 19–3901 in motor vehicle cases. However, the relationship between I.C. § 19–3901 and I.C. § 49–1114 may merit legislative scrutiny and clarification.

the determination of reasonableness. A seizure must serve a valid police purpose and—where that purpose is the enforcement of laws against the individual detained—the seizure must be supported by "at least reasonable and articulable suspicion." This standard is satisfied here. Stopping Simpson's car to warn against violations of boating statutes served a valid and substantial police purpose. Regardless of whether such a warning were characterized as a law enforcement function or as a community service, the stop was supported by a quantum of information more than sufficient to support a "reasonable and articulable suspicion."

Lastly, Simpson argues that the stop was impermissible because it was occasioned not by a serious crime or by ongoing criminal activity but by completed misdemeanors. Again, Simpson's argument touches upon an area of controversy in Fourth Amendment jurisprudence. At least one distinguished author has suggested that investigative stops, upon reasonable suspicion, should not extend to minor offenses committed in the past. W. LaFAVE, *supra.* The courts are divided on this question. *Compare, e.g., State v. Myers*, 490 So.2d 700 (La.App.1986) (upholding stop) *with Blaisdell v. Commissioner of Public Safety*, 375 N.W.2d 880 (Minn.App.1985), *aff'd on other grounds*, 381 N.W.2d 849 (Minn.1986) (invalidating stop). The United States Supreme Court never has upheld a seizure, based solely upon reasonable suspicion, for the purpose of investigating a completed misdemeanor. The only Supreme Court decision to date involving a completed crime contains the following discussion:

> The factors in the balance may be somewhat different when a stop to investigate past criminal activity is involved rather than a stop to investigate ongoing criminal conduct. This is because the governmental interests and the nature of the intrusions involved in the two situations may differ.... Public safety may be less threatened by a suspect in a past crime who now appears to be going about his lawful business than it is by a

suspect who is currently in the process of violating the law.

. . . . .

> We need not and do not decide today whether ... stops to investigate all past crimes, however serious, are permitted. It is enough to say that, if police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a *completed felony*, then a ... stop may be made to investigate that suspicion.

*United States v. Hensley*, 469 U.S. 221, 228–29, 105 S.Ct. 675, 680–81, 83 L.Ed.2d 604 (1985) (emphasis added).

Focusing on this language, Simpson urges us to hold that the stop of his vehicle was invalid because it was occasioned by a report of completed misdemeanors. The argument overlooks a profound distinction. As noted earlier, the deputy did not rely merely upon reasonable suspicion; he had probable cause. Probable cause is the pivot upon which the public's interest in law enforcement is balanced against the individual's right to privacy. *E.g., Henry v. United States*, 361 U.S. 98, 100, 80 S.Ct. 168, 169–70, 4 L.Ed.2d 134 (1959); *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949). Where the probable cause threshold is reached, the proper balance between privacy interests and governmental interests has been struck. The seizure is reasonable regardless of whether it relates to a felony or to a misdemeanor.

We conclude that the stop of Simpson's vehicle was permissible under the Fourth Amendment. The magistrate correctly denied the motion to suppress evidence obtained as a result of the stop. The district court's decision, upholding the judgment of conviction for DUI, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.