738 P.2d 94
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jimmy G. SIMPSON, Defendant-Appellant.**

No. 16402.

Supreme Court of Idaho.

June 26, 1987.

ORDER DENYING PETITION FOR REVIEW

The Appellant having filed a PETITION FOR REVIEW and supporting BRIEF on May 4, 1987 seeking review of the Opinion

of the Court of Appeals released March 3, 1987; 112 Idaho 644, 734 P.2d 669, therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by Bistline, J., be, and hereby is, RELEASED.

BISTLINE, Justice, on denial of Petition for Review.

The Court of Appeals opinion states that "the *deputy actually had probable cause,* based on the citizen's eyewitness account [of defendant's conduct] at the Yacht Club, to believe that Simpson had committed such violations." Slip op., p. 4 (emphasis added). Footnote 2 on the same page supplies the authority for this holding:

Probable cause is established by information which would lead an ordinary and prudent officer to believe that the individual in question has committed an offense. *E.g.,* State v. Polson, 81 Idaho 147, 339 P.2d 510 (1959); State v. Autheman, 47 Idaho 328, 274 P. 805 (1929).

The *Polson* case is not quite applicable. The offense in that case, of which the arresting officer had information from other law enforcement officials, was of a completed burglary which the latter had investigated. The offense of burglar is a felony; it is not a misdemeanor. In *Polson* the Court cited *Autheman,* also cited in the above footnote 2, for the proposition that:

The definition of "reasonable cause" is the possession of such information as would lead a man of ordinary care and prudence to believe or entertain honest and strong suspicion that a felony had been committed by appellant. *Polson, supra,* 81 Idaho at 153, 339 P.2d at 513.

The *Autheman* case involved a *felonious* homicide for which the defendant was convicted of second degree murder. The *Autheman* holding was reaffirmed five years later in Helgeson v. Powell, 54 Idaho 667, 680, 34 P.2d 957, 962 (1934), the act being one where the defendant peace officers were alleged to have wrongfully killed the decedent whom they were arresting without a warrant, which claim was sustained by the jury.

On observing that the Court of Appeals has apparently erred in seeing no distinction between a felony and a misdemeanor in the context here involved, and has insufficiently analyzed the situation surrounding the deputy's "reasonable suspicion" without the deputy actually having a *signed* complaint alleging a violation of a misdemeanor, my vote is to grant review. In that manner, this Court may become better advised as to the validity of the opinion we are asked to review.