927 P.2d 893

STATE of Idaho, Plaintiff–Respondent,

v.

Michael REED, Defendant–Appellant.

No. 21704.

Court of Appeals of Idaho.

Oct. 10, 1996.

504

Strom & Longeteig, Craigmont, for appellant. Wilfred W. Longeteig argued.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, argued, Boise, for respondent.

LANSING, Judge.

This appeal requires that we determine whether, when an officer's suspicion of a criminal violation that prompted him to stop a vehicle has been dispelled, the officer may nonetheless detain the vehicle's driver for the purpose of requesting production of the driver's license and proof of insurance. We hold that such an extension of the vehicle stop is reasonable and consistent with the Fourth Amendment.

The relevant facts are undisputed. Around 12:30 a.m. on March 28, 1993, Kevin Rouse, an Idaho State Police Officer, saw a vehicle driven by Michael Reed go by and observed that it had no license plates. Officer Rouse activated the overhead lights of his patrol car and stopped Reed. When Officer Rouse had exited his patrol car and walked close to Reed's vehicle he could see, with the aid of a flashlight, that there was a valid temporary registration sticker in the rear window of the vehicle. Following this discovery, Officer Rouse no longer had reason to suspect that any unlawful act was being committed by Reed or his passenger. Rouse proceeded, however, to the driver's side of the vehicle to speak with Reed. He asked Reed to produce his driver's license and proof of insurance.[1] During this conversation, Rouse noticed an odor of alcohol and consequently asked Reed to perform field sobriety tests. After Reed failed to satisfactorily perform several of these tests, he was placed under arrest for driving under the influence of alcohol pursuant to Idaho Code § 18–8004. A breathalyzer test administered at the jail revealed that Reed's blood alcohol level exceeded the legal limit.

Reed filed a motion to suppress the evidence obtained as a result of Officer Rouse's contact with Reed after Rouse had observed the valid temporary registration displayed on the vehicle. Reed acknowledged that the officer had a reasonable basis to signal Reed to stop since Rouse, while in his patrol car, was unable to see the temporary registration. Reed argued, however, that Officer Rouse's justification for an investigatory stop dissipated at the moment he realized that the

1. The officer was statutorily authorized, pursuant to I.C. §§ 49–316 and 49–1232, to request that

Reed exhibit his driver's license and certificate of liability insurance.

suspected offense, operating a vehicle without displaying valid license plates, had not been committed. Reed asserted that his continued detention after that point violated the Fourth Amendment to the United States Constitution. The magistrate denied the motion, and Reed entered into a conditional plea of guilty, reserving his right to appeal the denial. Sitting in its appellate capacity, the district court affirmed the magistrate's ruling. This appeal followed.

■ When, as here, an appeal is initially taken to the district court, our subsequent review is conducted independent of, but with due regard for, the decision of the district court. *State v. Medley,* 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995); *State v. Pick,* 124 Idaho 601, 603, 861 P.2d 1266, 1268 (Ct.App. 1993). Accordingly, we will affirm or reverse the district court's appellate decision in this case based upon our review of the magistrate's findings and conclusions. *State v. Van Sickle,* 120 Idaho 99, 101, 813 P.2d 910, 912 (Ct.App.1991). This case does not involve disputed questions of fact, but rather, turns upon the proper identification and application of law. Consequently, we exercise free review. *Cole v. Kunzler,* 115 Idaho 552, 555, 768 P.2d 815, 818, (Ct.App.1989); *State v. Breed,* 111 Idaho 497, 500, 725 P.2d 202, 205, (Ct.App.1986).

■ The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures. Stopping an automobile and detaining its occupants constitutes a "seizure" even if the purpose of the stop is limited and the detention quite brief. *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1395–96, 59 L.Ed.2d 660 (1979); *State v. Simpson,* 112 Idaho 644, 645, 734 P.2d 669, 670 (1987). When such a stop is made for purposes of investigating possible criminal activity, it must be based upon specific articulable facts which warrant a suspicion that the person detained has been or is about to be engaged in criminal activity. *United States v. Brignoni–Ponce,* 422 U.S. 873, 884, 95 S.Ct. 2574, 2581–82, 45 L.Ed.2d 607 (1975); *State v. Rawlings,* 121 Idaho 930, 932, 829 P.2d 520, 522 (1992); *State v. Fry,* 122 Idaho 100, 103, 831 P.2d 942, 945 (Ct. App.1991).

The parties in this case agree that Reed was seized when he stopped his vehicle in response to the activation of the patrol car's overhead lights. Reed concedes that this initial stop was lawful, but contends that the justification for the stop "evaporated the moment the officer satisfied himself that no crime was committed." Reed asserts that when Officer Rouse discovered the temporary registration, he should have waved the vehicle's driver away and then departed instead of approaching the driver and requesting his driver's license and proof of insurance. Thus, according to Reed, the Fourth Amendment was violated when Officer Rouse continued to detain Reed after the suspicion of a criminal offense was dispelled, and any evidence obtained through this violation must be suppressed.

■ The Fourth Amendment imposes a standard of "reasonableness" upon government activity that invades the privacy of individuals. A legitimate detention, if unreasonably prolonged after the justification for the detention has dissipated, may become an unreasonable seizure which is objectionable under the Fourth Amendment. *See State v. Luna,* 126 Idaho 235, 238, 880 P.2d 265, 268, (Ct.App.1994). *U.S. v. Millan–Diaz,* 975 F.2d 720 (10th Cir.1992); *U.S. v. Babwah,* 972 F.2d 30 (2d Cir.1992); *People v. McGaughran,* 25 Cal.3d 577, 159 Cal.Rptr. 191, 195–98, 601 P.2d 207, 211–13 (1979). This does not mean, however, that a traffic stop must necessarily be terminated at the instant the officer's suspicion of criminal activity is extinguished, for legitimate public interests other than the investigation of crime may justify a brief detention. In evaluating a Fourth Amendment claim, a balancing test is applied. "[T]he permissibility of a particular law enforcement practice is judged by balancing its intrusion upon the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Delaware,* 440 U.S. at 654, 99 S.Ct. at 1396. *See also United States v. Brignoni–Ponce,* 422 U.S. at 878, 95 S.Ct. at 2578–79.

In *State v. Godwin,* 121 Idaho 491, 826 P.2d 452 (1992), the Idaho Supreme Court applied this balancing test to determine

whether an officer was justified in requesting Godwin's driver's license even though he was not suspected of any offense. In that case, an Idaho State police officer had stopped a motorist for an equipment violation when a second vehicle, driven by Godwin, stopped about 100 yards up the highway. Another officer, a county deputy sheriff, happened to drive by and stopped behind Godwin's vehicle. The state police officer informed the deputy that the first motorist believed her driver's license was in Godwin's vehicle, as she and Godwin were traveling together. The other motorist's purse was located in Godwin's vehicle, but her driver's license was not found in it. The deputy then asked Godwin for his driver's license. A status check of Godwin's license revealed that it had been suspended, and Godwin was then arrested for driving with a suspended license. During a subsequent inventory search of his car, a quantity of cocaine was found under the front seat. Godwin sought to suppress evidence of the cocaine on the theory that the police officer's request for his license was unreasonable. The Idaho Supreme Court affirmed the denial of Godwin's motion to suppress, holding that "a police officer's brief detention of a driver to run a status check on the driver's license, after making a valid, lawful contact with the driver, is reasonable for purposes of the fourth amendment." *Id.* at 495, 826 P.2d at 456. The Court explained its decision as follows:

> There are several reasons for permitting a police officer to ask for a driver's license under these circumstances. *In making any stop, whether the stop is to enforce the traffic laws or to carry out the officer's community caretaker function, an officer should be allowed to identify, with certainty, the person with whom he is dealing. This is necessary to protect himself and other officers from danger, to accurately prepare any required reports concerning his contact with the motorist, and to allow the officer to adequately respond to allegations of illegal conduct or improper behavior.*

> . . . .

Even if there is a legitimate public interest in requesting a driver's license and run-

ning a status check under the circumstances presented here, that interest must outweigh the nature of the intrusion in order to pass the Fourth Amendment test of reasonableness. We note, however, that the intrusion here was minimal. Godwin was already stopped at the roadside when Deputy Barbieri arrived. The officer's initial contact with Godwin was to determine whether he had Whitifield's driver's license. His further request for Godwin's license and his check on the status of that license constituted a very limited further encroachment upon any privacy interest protected by the Fourth Amendment. We therefore have little difficulty in concluding that such a limited intrusion was outweighed by the substantial public interest which supported Deputy Barbieri's conduct.

*Id., quoting* the decision of the Idaho Court of Appeals in *State v. Godwin,* 121 Idaho 517, 520, 826 P.2d 478, 481 (Ct.App.1991) (emphasis in original).

For the reasons stated in *Godwin,* Officer Rouse's contact with Reed to request his driver's license met Fourth Amendment standards of reasonableness. After having made a lawful stop to determine whether Reed's vehicle was registered, Officer Rouse was entitled to ascertain the driver's identity even though the reason for that stop had dissipated. This slight prolongation of the traffic stop was a minimal intrusion and was not so burdensome as to outweigh the public interests, identified in *Godwin,* that are served by driver's license checks in these circumstances. The same may be said for the officer's request to see Reed's certificate of liability insurance. There is a valid governmental interest in determining whether vehicles driven on Idaho's streets and highways are insured as required by law, and an officer's request for proof of insurance following a justified traffic stop adds only minimally to the intrusion upon the motorist's privacy interests that are safeguarded by the Fourth Amendment.

This conclusion not only follows from *Godwin* but is consistent with our decision in *State v. Reed,* 107 Idaho 162, 686 P.2d 842

(Ct.App.1984). In *Reed,* following a traffic stop for a suspected tail lamp violation, the driver was asked to show his driver's license, vehicle registration and certificate of liability insurance. This Court stated that once a legitimate traffic stop had occurred, "nothing in the fourth amendment would preclude the officer from routinely asking the motorist to exhibit his driver's license, the vehicle registration and an insurance certificate." *Reed,* 107 Idaho at 165, 686 P.2d at 845.

Because Officer Rouse's request that Reed produce his driver's license and certificate of insurance was reasonable, the evidence of Reed's intoxication that was derived as a result of that contact was admissible. The district court's order denying Reed's motion to suppress evidence is affirmed.

WALTERS, C.J., and PERRY, J., concur.