968 P.2d 1097

**Gordon ANDREA, Plaintiff–Appellant,**

v.

**The CITY OF COEUR D'ALENE, Defendant–Respondent.**

No. 24289

Court of Appeals of Idaho.

Dec. 7, 1998.

Michael J. Vrable, Hayden, for appellant.

Lukins & Annis, Coeur d'Alene, for respondent. Susan P. Weeks argued.

STEGNER, J., pro tem.

This is an appeal of the district court's order awarding attorney's fees to the City of Coeur d'Alene. For the reasons stated, we reverse.

## FACTS AND PROCEDURE

In 1994, the Appellant, Gordon Andrea, and a third party, Bovco, Inc., submitted sealed bids to the City of Coeur d'Alene (City) for a food concession to be operated in the city park on the beaches of Lake Coeur d'Alene. Andrea had been the successful bidder for the location, known as Site F, during the period between 1988 and 1992. In 1994, Bovco submitted the highest bid for Site F and was awarded the contract with the City. The City and Bovco entered into the contract on April 5, 1994.

Bovco began operating a concession trailer pursuant to the contract. Historically the City required propane to be used as the heat source for concession trailers. However, Bovco used a generator to power its trailer. The generator was near Bovco's trailer but not actually on Site F. After an investigation by the City, Bovco moved the generator and mounted it onto the side of its food trailer. The city council subsequently altered its previous practice and approved the use of self-contained generators by concessionaires, including Bovco.

In August 1995, Andrea filed this suit, alleging that the City had failed to apply its own criteria under the Food Concession Bid Specifications by allowing a successful bidder to use a generator. Andrea's complaint alleged that the City's acts and the loss of the bid directly and proximately caused him loss of profits and violated his property and civil rights. The City filed a Motion to Dismiss, pursuant to I.R.C.P. 12(b)(6), and a subsequent Motion for Summary Judgment. On June 23, 1997, the district court granted the City's Motion for Summary Judgment and entered a Memorandum Decision and Order dismissing Andrea's claims. Andrea has not appealed that decision.

The City filed a Motion for Attorney Fees under I.C. § 12–120(3) on the ground that the lawsuit was based on a commercial transaction. The district court found that a commercial transaction took place between the parties by virtue of the advertisement for bids placed by the City and the submittal of a bid by Andrea. Accordingly, the district court awarded attorney fees to the City. Andrea appeals from the award of attorney fees.

## ISSUE

Whether the district court erred in awarding attorney fees when concluding that this action involved a commercial transaction.

## STANDARD OF REVIEW

Over questions of law this court exercises free review. *Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *State v. Reed,* 129 Idaho 503, 505, 927 P.2d 893, 895 (Ct.App.1996). The question of whether Andrea's claim was based upon an alleged commercial transaction is a question of law.

The issue of which party is the prevailing party is committed to the sound discretion of the trial court by I.R.C.P. 54(d)(1)(B). However, I.C. § 12–120(3) holds that the prevailing party *shall* be allowed a reasonable attorney fee. Thus, the district court does not have discretion in awarding the prevailing party attorney fees under § 12–120(3) if the statute applies.

## ANALYSIS

Andrea argues that the district court erred in awarding attorney fees to the City because an action brought by an unsuccessful bidder is not a commercial transaction under I.C. § 12–120(3).

Idaho Code § 12–120(3) provides, in pertinent part:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services *and in any commercial transaction* unless otherwise provided by law, the prevailing party shall be

allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof. I.C. § 12–120(3) (italics added). A two-prong test exists for awarding attorney fees under I.C. § 12–120(3). First, an alleged commercial transaction must be integral to the claim. Second, the commercial transaction must be the basis upon which a party is attempting to recover. *Brooks v. Gigray Ranches, Inc.,* 128 Idaho 72, 78, 910 P.2d 744, 750 (1996) (citing *Brower v. E.I. DuPont de Nemours & Co.,* 117 Idaho 780, 792 P.2d 345 (1990).)[1]

Andrea argues that the district judge erred in awarding attorney fees because an action brought by an unsuccessful bidder, even when the bidder seeks damages for that loss, does not allege a commercial transaction within the meaning of I.C. § 12–120(3). Andrea cites *Scott v. Buhl Joint School District No. 412,* 123 Idaho 779, 852 P.2d 1376 (1993) in support of his argument. *Scott* also involved an action brought by an unsuccessful bidder, which included causes of action similar, although not identical, to those brought by Andrea.[2] In *Scott,* the Idaho Supreme Court determined that no commercial transaction was involved; hence, attorney fees were not appropriate.

█ The City argues that *Scott* is inapplicable because the basis of Andrea's claims was contract-related. In support of its position, the City cites Andrea's Memorandum in Opposition to Summary Judgment, in which Andrea claimed that the "letting of [the] bid created a contract." However, the City's

argument is unpersuasive. Even if a contract existed between the City and the successful bidder, Bovco, Inc., an action by Andrea seeking to undo the bid would not be based upon a commercial transaction between the City and Andrea, and Andrea's complaint did not allege that he had a contract with the City. In order for attorney fees to be awarded under Idaho Code § 12–120(3), a commercial transaction must be both integral to the claim and the basis upon which recovery is sought. The Idaho Supreme Court has previously determined that an action brought by an unsuccessful bidder to challenge the awarding of a contract does not constitute a commercial transaction. Given this authority, and the logic behind it, we find that the district court erred in concluding that the gravamen of Andrea's lawsuit against the City was based upon a commercial transaction.

█ Andrea included in his brief a request for attorney's fees on appeal pursuant to I.C. § 12–121 and Idaho Appellate Rule 41. We decline to award fees under this authority, however, because we conclude that the appeal was not defended frivolously, unreasonably or without foundation. *See* I.R.C.P. 54(e)(1); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979); *Excel Leasing Co. v. Christensen,* 115 Idaho 708, 712, 769 P.2d 585, 589 (Ct.App. 1989).

The decision of the district court awarding attorney fees to the City is reversed. Costs on appeal are awarded to appellant.

Chief Judge LANSING and Judge SCHWARTZMAN concur.

---

1. *See also, Farmers Nat. Bank v. Shirey,* 126 Idaho 63, 73, 878 P.2d 762, 772, in which Idaho's Supreme Court held that the *allegation* of a contractual relationship of the type contemplated by Idaho Code § 12–120(3) could result in the imposition of attorney fees, even if no liability under the contract was imposed.

2. In *Scott,* the plaintiff brought five causes of action: "(1) for a declaratory judgment declaring the bidding process to be invalid; (2) for an injunction to stop the respondents from proceed-

ing with the contract, or, in the alternative, to award the contract to West Valley; (3) for mandamus, awarding the contract to West Valley, or in the alternative, to relet the bid; (4) for violation of statutory duties pursuant to I.C. § 33–1510; and (5) for violation of 42 U.S.C. § 1983." *Scott,* 123 Idaho at 780, 852 P.2d at 1377. In this action, Andrea sought damages for "the loss of the bid" and for violation of the "Plaintiff's property rights and civil right [sic]."