185 P.3d 266

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William CAMPBELL, Defendant–Appellant.**

No. 33688.

Court of Appeals of Idaho.

Feb. 28, 2008.

Review Denied June 5, 2008.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

William Campbell appeals from his conviction for possession of marijuana with intent to deliver, contending that the district court erred by denying his motion to suppress evidence found in his automobile. We affirm.

## I.

### BACKGROUND

Two officers from the Coeur d'Alene Police Department were conducting a traffic stop when a white El Camino went past them. One of the officers recognized the vehicle as matching the description of a vehicle involved in a reported stalking incident earlier that day. The officers finished the traffic stop and left to look for the El Camino. They located it in a nearby parking lot. One officer saw Campbell in the driver's seat of the vehicle. The officers parked nearby. The officers approached Campbell and his passenger. The passenger told one officer that Campbell had driven the vehicle into the parking lot. The other officer "asked [Campbell] who drove the car here, and he said that he did." Campbell also told the other officer that his driver's license was suspended, which information was confirmed by a dispatcher. Campbell was then arrested for driving without privileges. Idaho Code § 18-8001. A search of the vehicle incident to arrest turned up drugs and other evidence. Campbell was charged with the driving offense and possession of marijuana with intent to deliver, I.C. § 37-2732(a)(1)(B).

Campbell filed a motion to suppress the seized evidence, contending that he did not commit the misdemeanor offense of driving while suspended in the officers' presence, and therefore the officers lacked authority to arrest him under the provisions of I.C. § 19-603(1). Because his arrest was impermissible, he argued, the search incident to that arrest was unlawful and its fruit must be suppressed. The district court denied the motion.

Pursuant to a plea agreement, Campbell pleaded guilty to the marijuana charge, reserving in writing the right to appeal the denial of his suppression motion. The driving without privileges charge was dismissed. The district court withheld judgment and Campbell appeals.

## II.

### ANALYSIS

■ The misdemeanor of driving without privileges is committed when a person "drives or is in actual physical control of any motor vehicle upon the highways of this state" with knowledge or legal notice that his driver's license or permit has been revoked or suspended. I.C. § 18-8001(1). With exceptions not applicable here, see I.C. §§ 49-1405, 49-1408, a person may not be arrested for a misdemeanor offense unless the offense was committed or attempted in the presence of an officer. I.C. § 19-603(1); State v. Simpson, 112 Idaho 644, 646, 734 P.2d 669, 672 (Ct.App.1987). Presence is "determined by the officer's use of all of his senses combined with the officer's knowledge of the violation." State v. Carr, 123 Idaho 127, 130, 844 P.2d 1377, 1380 (Ct.App.1992).

■ Campbell asserts that neither officer reported that they personally observed him as the driver of the vehicle but instead only reported that they saw the vehicle "being driven." Therefore, reasons Campbell, the offense of driving without privileges could not have been committed in the officers' presence. He cites no on-point authority from any jurisdiction supporting this novel assertion of law.

In State v. Hart, 66 Idaho 217, 157 P.2d 72 (1945), the defendant admitted to police officers that he had a concealed weapon (a blackjack) on his person in violation of a city misdemeanor ordinance. Addressing whether the offense was committed in the presence of the officers, our Supreme Court said:

There seems no good reason why the language of subdivision 1 of Sec. 19–603, I.C.A., should be given such an interpretation as will hinder peace officers in their conscientious and diligent efforts to enforce the law and keep the peace. And, notwithstanding the existence of some authorities to the contrary, it seems to us that an individual who is in fact violating the law in the immediate presence of an officer and freely and voluntarily admits the facts constituting such violation, is committing an offense in the officer's presence within the meaning of said statutory provision and may be lawfully arrested without a warrant.

*Id.* at 224, 157 P.2d at 75.

According to the police reports submitted to the district court by stipulation of the parties, the officers saw the El Camino being driven and shortly thereafter they came upon the vehicle in a parking lot. One officer observed Campbell in the driver's seat. Campbell's passenger told the officers that Campbell had driven the vehicle into the parking lot, and Campbell admitted that he had been driving the vehicle and that his driver's license was suspended. It was then apparent that when the officers observed the vehicle being driven past them, it was being driven by Campbell. Consistent with *Hart*, the offense of driving without privileges was committed by Campbell in the officers' presence. *See generally State v. Jenkins*, 143 Idaho 918, 922, 155 P.3d 1157, 1161 (2007); *State v. Moore*, 129 Idaho 776, 780, 932 P.2d 899, 903 (Ct.App.1996); *Carr*, 123 Idaho at 130, 844 P.2d at 1380; *but see State v. Middleton*, 114 Idaho 377, 757 P.2d 240 (Ct.App. 1988).

Accordingly, the district court's denial of Campbell's motion to suppress evidence is affirmed.

Chief Judge GUTIERREZ and Judge PERRY concur.