**STATE of Minnesota, Respondent,**

v.

**Kevin Eugene TEIGEN, Appellant.**

**No. C3–85–1372.**

Court of Appeals of Minnesota.

Feb. 18, 1986.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Larry Mickelberg, Clay Co. Atty., Donald Shoop, Asst. Co. Atty., Moorhead, for respondent.

Kevin Eugene Teigen, pro se.

Considered and decided by WOZNIAK, P.J., and SEDGWICK and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Kevin Eugene Teigen appeals from a conviction of misdemeanor DWI, Minn.Stat. § 169.121, subd. (1)(a) (1984). He contends the stop was illegal and the trial court erred by failing to suppress all evidence and dismiss the complaint. We reverse.

## FACTS

Both the motion to suppress and the allegations in the complaint were decided on the basis of a stipulation of facts.

On May 29, 1985, appellant Kevin Teigen and his business partner were driving from Grand Forks, North Dakota to their homes in Moorhead and Hendrum, Minnesota. Teigen left his associate in Hendrum and headed south toward Moorhead on Highway 75.

That evening Clay County Sheriff's Deputy Brager was on patrol on that stretch of Highway 75 when he received by radio dispatch a report of an anonymous phone call reporting a possible drunken driving violation. The caller described the vehicle as a black Nissan pickup truck with a topper heading south on U.S. 75, south of Georgetown.

Deputy Brager was driving north on U.S. 75 when he spotted a truck matching that description. He turned around and followed Teigen for more than a mile before he pulled him over. After Teigen got in the patrol car, the officer told him:

> Your driving was fine but I have an anonymous phone call of a possibly drunk driver driving a black Nissan pickup with a topper.

Brager did not see any equipment violations, improper driving or any other violations while he was following Teigen.

Brager detected an odor of alcohol on Teigen's breath, and administered a preliminary breath test which Teigen failed. At the Clay County Law Enforcement Center, Teigen was given an intoxilyzer test. This test showed a blood alcohol concentration of .12.

Teigen moved to suppress the State's evidence on grounds that the initial stop of his truck was in violation of his fourth amendment rights. The trial court denied the motion and found Teigen guilty of misdemeanor DWI.

## ISSUE

Did the trial court err in failing to suppress evidence obtained following the investigatory stop?

## ANALYSIS

A constitutionally valid investigative stop requires that an officer have a reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968).

■ Our supreme court recently held that a private citizen's anonymous tip of a possible drunk driver, unsupported by specific and articulable facts, does not justify an investigative stop of a motor vehicle. *Olson v. Commissioner of Public Safety*, 371 N.W.2d 552, 556 (Minn.1985). *Cf. Marben v. State Department of Public Safety*, 294 N.W.2d 697, 699 (Minn.1980) (trooper's verification of informant's presence at the scene enhanced reliability of "tailgating" tip). In *Olson* an anonymous informant reported possible drunken driving of a described vehicle. This information was relayed by the dispatcher to the arresting officer, who followed the car but never observed any erratic driving behavior or traffic violation to corroborate the tip or justify the stop. The court stated:

> On this record, there is a complete lack of even the most minimal indicia of reliability for the anonymous tip. If police cannot stop a car on the highway on the basis of mere whim, neither can they stop on the basis, for all they know, of the mere whim of an anonymous caller.

*Olson*, 371 N.W.2d at 556.

There are no facts in this case to distinguish it from *Olson*. Deputy Brager followed a vehicle matching the informant's description for over a mile and saw no driving violation. He observed nothing to give him a reasonable suspicion of criminal activity and the anonymous informant relayed no facts to form the basis for a reasonable suspicion.

### DECISION

The trial court erred in failing to suppress evidence obtained following the investigatory stop of Teigen's vehicle.

Reversed.