Jennifer Leigh FRANK, Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. C6–85–2029.

Court of Appeals of Minnesota.

April 8, 1986.

Paul W. Rogosheske, South St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Peter K. Halbach, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

The trial court rescinded revocation of respondent's driving privileges on the ground that the officer did not have reasonable grounds to stop respondent's vehicle. The Commissioner of Public Safety appeals. We reverse and remand.

## FACTS

At 11:24 p.m., South St. Paul Police Officer Bernie Schrom received a telephone call from an unidentified citizen who stated that a car had been tailgating her on Southview Boulevard, and at one point almost forced her to drive into the curb. The caller identified the car as a white convertible with Minnesota license plate MCS 255, and stated she believed the driver was intoxicated. Schrom put out a radio dispatch relaying the information provided by the citizen.

Officer Thomas Kreager heard the dispatch and immediately drove his car to the Southview area to look for the vehicle. At 12:13 a.m. Kreager observed a white Dodge convertible with the top down in a 7-Eleven parking lot on Southview Boulevard. He watched it pull out onto Southview Boulevard. Kreager followed the vehicle along Southview Boulevard, then north into an alley between 9th and 8th Avenues. He continued to follow it through the alley and as it turned westbound on Marie, the officer identified the license plate as MCS 255. At that point the officer activated the red lights and the vehicle immediately pulled over to the side of the road.

The occupants were three young women. Kreager observed a 12-pack container of beer on the back seat. The driver of the vehicle identified herself as Jennifer Leigh Frank. Kreager noted a moderate odor of alcohol on her breath. The automobile was then searched and an open can of beer was seized from under the driver's seat. The passengers were identified as Frank's younger sister, age 14, and a girlfriend, age 15.

Kreager radioed the dispatcher to contact Frank's parents and ask them to come to the scene. Respondent's mother, Mary Frank, arrived within five minutes. At Mrs. Frank's insistence, Officer Kreager administered a portable breath test to respondent, which she failed. Kreager placed respondent under arrest for DWI and read the implied consent advisory. Respondent, at the insistence of her mother, indicated she understood the advisory and agreed to submit to a urine test. At the police station, Kreager obtained a urine kit and allowed Mrs. Frank to witness collection of respondent's sample because Mrs. Frank feared that respondent might taint the sample by dipping it into the toilet. Respondent's urine sample showed a .11 alcohol concentration.

The officer testified that in his opinion the car was speeding through the alley. Because speeding was not mentioned in Kreager's police report and no tag was issued to respondent for speeding, however, the trial court found that Kreager did not have reasonable grounds to stop re-

spondent's vehicle, and rescinded the revocation of respondent's driving privileges.

## ISSUE

Did the trial court err in concluding that there were no reasonable grounds for the stop?

## ANALYSIS

 A temporary investigatory stop, such as the one made here, requires a reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). An anonymous tip may provide the basis for an investigatory stop. *See Olson v. Commissioner of Public Safety*, 371 N.W.2d 552, 554 (Minn.1985). The reliability of a private citizen, such as the anonymous tipster here, may be presumed. *Id* at 555; *Marben v. State, Department of Public Safety*, 294 N.W.2d 697, 699 (Minn.1980).

In addition, the officer's testimony that the vehicle was speeding through the alley was uncontroverted. The factual basis for a routine traffic stop is minimal, and a traffic violation need not even occur. *People v. Ingle*, 36 N.Y.2d 413, 420, 369 N.Y.S.2d 67, 74, 330 N.E.2d 39, 44 (1975) (quoted in *Marben*, 294 N.W.2d at 699). The trial court's finding that the car was not speeding was made on the basis that no tag was issued. It is not necessary that a tag be issued or that the officer clock the vehicle's exact speed.

In this case, unlike *Olson*, the anonymous tipster provided specific facts. She stated that a car had been tailgating her and at one point almost forced her to drive into the curb. The supreme court found in *Marben* that tailgating, which is prohibited under Minn.Stat. § 169.18, subd. 8(a) (1984), provided specific and articulable suspicion that a traffic violation occurred and thus the stop was proper. 294 N.W.2d at 699.

Here, the description of the car and license plate number provided by the anonymous tip exactly matched the vehicle observed by the officer 50 minutes later. The

anonymous tip in this case provided sufficient specific and articulable facts under *Olson* and *Marben* to form the basis of an investigatory stop. The police officer made the brief investigatory stop of the respondent's vehicle in accordance with fourth amendment requirements.

## DECISION

The trial court erred in determining that Officer Kreager did not have reasonable grounds to stop respondent's vehicle. The decision of the trial court is reversed. Because the trial court ruled at the conclusion of the State's case, we remand to permit respondent to present evidence.

Reversed and remanded.