**STATE of Minnesota, Respondent,**

v.

**Curtis Leroy NEWGARD, Appellant.**

No. C7–85–2329.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Hubert H. Humphrey, III, Atty. Gen., Rebecca Howes Hamblin, Sp. Asst. Atty. Gen., St. Paul, John C. Hoffman, Mille Lacs Co. Atty., Walter Kaminsky, Asst. Co. Atty., Milaca, for respondent.

Kristafer E. Skjervold, Skjervold Law Office, Shorewood, for appellant.

Heard, considered, and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Appellant Curtis Leroy Newgard was found guilty of driving while his blood alcohol content was .10 or more in violation of Minn.Stat. § 169.121, subd. 3(a) (1984), having been convicted of a similar offense within five years. The trial court denied appellant's motion to dismiss the case on grounds that the State violated his fourth amendment rights by relying on an anonymous tip. We affirm.

## FACTS

On April 20, 1985 at approximately 4:00 a.m., a dispatcher for the Mille Lacs County Sheriff's Department received a report from an anonymous caller stating that there was an intoxicated man stumbling on or near Highway 23 approximately one mile east of Forreston. The caller stopped to ask the man if he needed help, to which the man responded in obscenities.

The dispatcher forwarded this information to Deputy Sidney Baker, who went to investigate. Upon arriving at the location, Deputy Baker observed a young man, later identified as appellant, standing on the south side of Highway 23 and holding onto a road sign or a pole close to the shoulder of the road. After talking with appellant for a few minutes, Deputy Baker determined that he was under the influence of alcohol. Appellant smelled of alcohol, had bloodshot eyes and impaired balance, and he slurred his words. Deputy Baker also observed blood on appellant's hands around the knuckles. Deputy Baker asked appellant whether he had been in a car accident, to which appellant replied in the negative. When asked if he had been driving a car, appellant stated that he left his car at a friend's house in Forreston.

Deputy Baker drove appellant to the friend's house and found that the car was not there. Upon leaving to take appellant to relatives or to the detoxication unit, Deputy Baker observed a vehicle in the ditch on the north side of Highway 23 just off County Road 14. Appellant admitted that

it was his car. Deputy Baker ran a check on the vehicle and determined that it belonged to appellant.

Deputy Baker arrested appellant for driving under the influence of alcohol. Deputy Baker read appellant the Miranda warning, and appellant subsequently admitted that he had been driving south on County Road 14 and had missed the curve. The Intoxilyzer test conducted at the Mille Lacs County Sheriff's Office showed that appellant had a blood alcohol content of .18.

## ISSUE

Did the anonymous tip provide the requisite reasonable suspicion for an investigative stop?

## ANALYSIS

Appellant argues that the anonymous tip failed to provide "the requisite reasonable suspicion for an investigative stop of suspected ongoing criminal conduct." *See Olson v. Commissioner of Public Safety,* 371 N.W.2d 552, 554 (Minn.1985) (citing *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). In *Olson,* 371 N.W.2d 552, a citizen called to report "possibly a drunken driver." The caller described the make of the vehicle, the license number, and the location. The officers spotted and followed the vehicle matching that description but observed no erratic driving. When they stopped the driver, the officers notice that the driver's breath smelled of alcohol, his eyes were bloodshot, his speech was slurred, and his gait was unsteady. *Id.* at 553. The supreme court stated that if police officers observe no erratic driving, the stop must be justified on the factual basis of the tip itself. *Id.* at 556. In such a case, "the anonymous caller must provide at least some specific and articulable facts to support the bare allegation of criminal activity." *Id.* Because the caller in *Olson* did not provide even minimal specific and articulate facts to support the bare asser-

tion of a possibly drunk driver, the tip lacked the requisite indicia of reliability required by the fourth amendment for an investigative stop.

Although public intoxication is not a crime, Deputy Baker testified that it is standard procedure to take an intoxicated person to a private residence or to a treatment facility. Minn.Stat. § 253B.05, subd. 2(a) (1984) provides that a peace officer "may take a person who * * * is intoxicated in public into custody and transport him to a treatment facility. If the person is intoxicated in public * * * and is not endangering himself or any person or property, the peace or health officer may transport the person to his home."

Even assuming that the present case involved an investigatory "stop," the anonymous caller provided the necessary facts. This court recently held that the anonymous tipster's statement that a car had been tailgating her and almost forced her to drive into the curb provided sufficient facts for an investigatory stop. *Frank v. Commissioner of Public Safety,* 384 N.W.2d 574, 576 (Minn.Ct.App.1986).[1] In addition, the supreme court has held that a trucker's claim that a driver had been tailgating for sixty miles constituted specific and articulable facts to support an investigatory stop. *Marben v. State, Department of Public Safety,* 294 N.W.2d 697, 699 (Minn.1980).

■ Although the dispatcher in the present case did not testify at trial, the police officer's testimony in this regard was uncontroverted. According to Deputy Baker, the dispatcher reported to him at 4:00 a.m. that a caller observed a "drunken man stumbling" on or near the highway. The caller also stated that upon asking the man if he needed help, the man responded with obscenities. The caller stated the location of the man, which matched the location of the man observed by Deputy Baker. The anonymous tip in this case provided

---

1. *Frank* is distinguishable from another recent court of appeals case, *State v. Teigen,* 381 N.W.2d 529 (Minn.Ct.App.1986), in which the anonymous tip reporting a "possible drunken driving" violation without articulating any specific facts was held not to provide a reasonable suspicion justifying an investigative stop.

sufficient specific and articulable facts under *Olson* and *Marben* to form the basis for an investigatory stop to determine whether appellant should be taken to his home or to a detoxication unit.

■ Once validly stopped, Deputy Baker's independent observations of appellant's intoxication, his bloody hands, his confusion about where his car was and how he arrived on the highway at 4:00 a.m., and Deputy Baker's observation of appellant's car in a ditch along the highway provided enough evidence for a valid arrest and administration of a blood-alcohol test.

### DECISION

The trial court properly denied appellant's motion to dismiss the charge of driving under the influence of alcohol.

Affirmed.