Steven Edward ROSE, Petitioner,
Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C9–01–884.

Court of Appeals of Minnesota.

Dec. 26, 2001.

Considered and decided by CRIPPEN, Presiding Judge, ANDERSON, Judge, and HUSPENI, Judge.*

## OPINION

CRIPPEN, Judge.

The trial court sustained the revocation of appellant's driver's license. Appellant Steven Rose challenges the trial court's admission of a breath test, contending that the police officer who stopped him did not have an articulable basis to do so. Because there is merit in appellant's contention, we reverse.

## FACTS

On December 12, 2000, Elk River Police Officer Olmscheid received a call from a Sherburne County dispatcher about a possible intoxicated driver. The dispatcher reported that an employee from Beaudry Express, an Elk River gas station, reported that a possible intoxicated driver was heading west on Highway 10 from Proctor Avenue in a maroon van and gave the driver's license-plate number. The gas station is located at the intersection of Proctor Avenue and Highway 10. The dispatcher also told Officer Olmscheid that the employee provided full complainant information, meaning full name, date of birth, address, and phone number.

Officer Olmscheid proceeded west on Highway 10, where he saw a pair of van taillights near the city limits of Elk River. He followed the van outside the city limits and caught up to the van on County Road 15, approximately 100 or 200 feet north of Highway 10. Once the officer got closer to the van, he noticed the description and

Jonathan N. Jasper, Jasper and Walker, P.L.L.C., Anoka, MN, for appellant.

Mike Hatch, Attorney General, Michael R. Pahl, Assistant Attorney General, St. Paul, MN, for respondent.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

license plate of the vehicle matched the information provided by the gas-station employee. The officer did not observe any erratic or illegal driving by the driver, but based on the employee's tip, the officer stopped the van. After identifying appellant as the driver, the officer turned him over to a Sherburne County deputy sheriff. Appellant failed a breath test, and his driver's license was later revoked.

Appellant challenged the license revocation at the implied consent hearing, arguing that the stop was unconstitutional because the employee's tip was insufficient to form a basis for the stop and because the officer lacked authority to stop appellant's vehicle outside of his jurisdiction. The trial court sustained the revocation, holding that (1) the employee's tip provided sufficient information to warrant the stop; and (2) the officer, who was deputized by Sherburne County, was acting within his jurisdiction when he made the stop.

### ISSUE

Did the police officer have an articulable cause to perform an investigatory stop?

### ANALYSIS

■ When the facts are not disputed, an appellate court reviews the validity of a stop as a matter of law. *Berge v. Comm'r of Pub. Safety*, 374 N.W.2d 730, 732 (Minn. 1985).

■ In accordance with the Fourth Amendment, a police officer may not stop a vehicle without a specific and articulable suspicion of a violation. *Marben v. State, Dep't of Pub. Safety*, 294 N.W.2d 697, 699 (Minn.1980); *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). The factual basis necessary to maintain a routine traffic stop is minimal and need not arise from an officer's personal observations. *Marben*, 294 N.W.2d at 699; *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880. A

factual basis may also be supplied by information acquired from another person, including an informant. *Marben*, 294 N.W.2d at 699. A private citizen who provides information relevant to the stop is presumed reliable. *Id.*

■ Minnesota case law involving traffic stops based on informant tips has focused on two factors: (1) identifying information provided by the informant; and (2) the facts supporting the informant's assertion that a driver is under the influence. *Jobe v. Comm'r of Pub. Safety*, 609 N.W.2d 919, 921 (Minn.App.2000). Neither factor is separately dispositive, and the determination of whether the officer had a reasonable suspicion of criminal activity at the time of the stop is based on the totality of the circumstances. *Id.*

#### A. Identifying information provided by the informant.

■■ Appellant argues that the informant's call was not reliable because there is no evidence that the caller provided identifying information. This court has distinguished between anonymous and identifiable informants. An officer is justified in presuming the informant is truthful in identifying himself if the informant provides sufficient information to locate him and hold him accountable for providing false information. *City of Minnetonka v. Shepherd*, 420 N.W.2d 887, 890–91 (Minn. 1988); *Playle v. Comm'r of Pub. Safety*, 439 N.W.2d 747, 748 (Minn.App.1989). An informant who provides sufficient identifying information is not anonymous, even if the informant does not provide a name. *Shepherd*, 420 N.W.2d at 890–91 (holding that a caller who reported a drunk driver and identified himself as an attendant at a particular gas station was sufficient identifying information to find the tip reliable); *Playle*, 439 N.W.2d at 748 (holding that a

caller who identified himself as a Burger King employee was enough information to make his tip about a drunk driver reliable). Here, the caller identified himself as an employee at the Beaudry Express. Also, Officer Olmscheid asked the dispatcher if the caller provided full complainant information, and the dispatcher assured the officer such information had been received.

▮ Little dispute was raised at the trial court regarding the reliability of the identification information given to the police officer. There was sufficient evidence to show that the tipster was an identifiable informant. *See Shepherd,* 420 N.W.2d at 890–91.

### B. Facts supporting the informant's assertion that a driver was intoxicated.

▮ The main issue presented is whether a police officer has an articulable basis for an investigatory stop if he is only told to watch for a possible intoxicated driver without being given any specific information or affirmative opinion that the person is in fact intoxicated. An officer may make an investigatory stop without observing any erratic driving if the citizen's tip has a basis to support the allegation of criminal activity. *Shepherd,* 420 N.W.2d at 891; *Playle,* 439 N.W.2d at 748. Because the employee here did not provide any indication of how he concluded that the driver was possibly drunk, appellant argues that this case is analogous to *Olson v. Comm'r of Pub. Safety,* 371 N.W.2d 552, 555 (Minn.1985).

In *Olson,* two sheriff deputies received a radio dispatch that a citizen had called in reporting that he observed a—possibly drunken driver. *Id.* at 553. The caller described the car, provided the license-plate number, gave the direction the car was headed, but did not give any identifying information about himself or any indi-

cation as to how he concluded that the driver was drunk. *Id.* The deputies followed the car but did not notice any erratic driving. *Id.* Based on the tip, the deputies pulled over Olson, detected alcohol on his breath, and arrested him for driving while under the influence. *Id.* The court noted that there was no information about the informant and no information about what the informant saw that could have led him to believe the driver was possibly drunk. *Id.* at 556. The court found that the anonymous tip lacked the most minimal indicia of reliability and that the stop was based on the mere whim of an anonymous caller. *Id.* at 556.

▮ The basis for the informant's tip in *Olson* was twice flawed because there was neither identifying information about the informant nor any information about how the informant reached the conclusion that the driver was drunk. Here, the circumstances are different because we are confronted only with a question of the employee's basis for stating that the driver was drunk.

> If the police chose to stop on the basis of the tip alone, the anonymous caller must provide at least some specific and articulable facts to support the bare allegation of criminal activity. Not much is required, especially for a traffic stop for a suspected traffic offense then in progress. All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity.

*Olson,* 371 N.W.2d at 556 (quoting *People v. Ingle,* 36 N.Y.2d 413, 420, 369 N.Y.S.2d 67, 74, 330 N.E.2d 39, 44 (1975)).

▮ We conclude that *Olson* is particularly important in finding flawed a report of a possible intoxicated driver. The Minnesota Supreme Court was again confronted with an informant who reported an intoxicated driver in *Shepherd* but distin-

guished *Shepherd* from *Olson* because the informant reported an intoxicated driver and saw the driver leave the gas station.

> Here the caller said that an intoxicated driver (not a possibly intoxicated driver) had just left the station. This information suggested that the driver had been in the station and that the caller's information was based on personal observation of the driver himself, just as the information relayed in *Marben* and [*State v.*] *Davis*[, 393 N.W.2d 179 (1986)] had been based on personal observation.

*Shepherd*, 420 N.W.2d at 891. Here, the record does not support an inference that the gas-station employee personally observed appellant, and there is no information in the record regarding how the employee concluded that the driver might be drunk. The trial court may have been correct in observing that an affirmative report of a drunk driver may constitute an articulable suspicion for the stop, but the same conclusion cannot reasonably be made based on a report of a possibly intoxicated driver.

> The fourth amendment protection applies at the time the police intrusion is undertaken and is not to be judged by what the police learn after the intrusion. * * * * It would have been a simple matter for the dispatcher to have elicited some minimal specific and articulable facts from the anonymous caller to support the caller's bare assertion of a possibly drunk driver on the road.

*Olson*, 371 N.W.2d at 556. We conclude that the officer did not have an articulable basis to stop appellant's car. Because this issue is dispositive of the case, we decline to address appellant's alternative contention that the police officer did not have authority to make an investigatory stop outside of his jurisdiction.

**DECISION**

Because the police officer relied solely on an informant's tip of a possible intoxicated driver, which did not provide an affirmative report of drunkenness or any information suggesting that state, the officer did not have an articulable suspicion to stop appellant. Appellant's breath test is inadmissible, and the decision to sustain appellant's driver's license revocation must be reversed.

**Reversed.**