*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1694**

State of Minnesota,
Respondent,

vs.

Steven Duane Smith,
Appellant.

**Filed October 24, 2016
Affirmed
Rodenberg, Judge**

Ramsey County District Court
File No. 62-CR-14-6224

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; and Liz Kramer, Brittany S. Mitchell, Special Assistant Public Defenders, Stinson Leonard Street LLP, Minneapolis, Minnesota (for appellant)

        Considered and decided by Smith, Tracy M., Presiding Judge; Ross, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

        Appellant Steven Smith appeals from his convictions of driving while intoxicated

and refusing to submit to a chemical test, arguing that the arresting officer's visual

estimation of his speed was insufficient to support a reasonable articulable suspicion justifying a traffic stop, that there was insufficient evidence to support his conviction, and that the test-refusal statute is unconstitutional. We affirm.

**FACTS**

On August 17, 2014, St. Paul Police Sergeant Robert Weier was on traffic patrol. He had just completed an unrelated traffic stop when he observed appellant's car. Sergeant Weier visually estimated that appellant's car was travelling at 45 miles per hour in a 30-miles-per-hour zone. Sergeant Weier turned his squad car around to follow appellant, and observed that, when his squad car reached a speed of 40 miles per hour, it was not gaining on appellant's car. Sergeant Weier then initiated a traffic stop. When speaking to appellant, Sergeant Weier observed appellant's slurred speech and red eyes. He smelled a faint odor of alcohol on appellant, but appellant denied that he had been drinking. Sergeant Weier then went through some field sobriety tests with appellant, none of which appellant performed successfully. Appellant refused to take a preliminary breath test at the scene.

Sergeant Weier then transported appellant to the Ramsey County Law Enforcement Center and read appellant the standard implied-consent advisory. Appellant stated several times that he would not take a test, and when asked to explain his refusal of chemical testing, appellant stated that the police had no right to pull him over.

The state charged appellant with first-degree driving while intoxicated and first-degree test refusal. Appellant moved to suppress and dismiss the charges, arguing that Sergeant Weier did not have reasonable suspicion sufficient to make the initial stop or to expand the stop, and there was no probable cause to arrest him. At the suppression hearing,

2

Sergeant Weier testified that he had been trained in visual estimation of vehicle speeds and could visually estimate speed to within five miles per hour. Appellant testified that he had been driving under the speed limit and argued that the squad video, coupled with mathematical computations concerning time and distance, proves that he was not speeding before the stop. The district court denied appellant's motion to suppress, relying on Sergeant Weier's testimony to conclude that the stop was supported by reasonable and articulable suspicion.

Appellant stipulated to the state's case pursuant to Minn. R. Crim. P. 26.01, subd. 4, to obtain appellate review of the denial of his suppression motion. As a part of this agreement, appellant acknowledged that appellate review would be limited to those issues raised at the contested suppression hearing. The district court found appellant guilty of both counts. This appeal followed.

## D E C I S I O N

Appellant appeals on three bases. He argues that Sergeant Weier's visual estimation of appellant's speed did not adequately support the traffic stop, that there was insufficient evidence of intoxication to find appellant guilty of driving while intoxicated, and that the test-refusal statute is unconstitutional.

Appellant's decision to stipulate to the state's case under Minn. R. Crim. P. 26.01, subd. 4, limits the scope of our review. When using this procedure, both the state and the defendant agree that "appellate review will be of the pretrial issue, but not of the defendant's guilt, or of other issues that could arise at a contested trial." Minn. R. Crim. P. 26.01, subd. 4(f). Accordingly, when an appellant has stipulated to the state's case, our

3

review is limited to the specified pretrial order. *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009). An appellant who utilizes Minn. R. Crim. P. 26.01, subd. 4, to obtain appellate review of a pretrial decision is "precluded from raising a sufficiency of the evidence argument on appeal," because he has waived his opportunity to argue the sufficiency of the evidence at trial. *State v. Riley*, 667 N.W.2d 153, 158 (Minn. App. 2003), *review denied* (Minn. Oct. 21, 2003); *accord State v. Busse*, 644 N.W.2d 79, 88 (Minn. 2002). Challenges based on sufficiency of the evidence or any other argument not raised at the pretrial hearing are therefore waived.

As a part of his stipulation under rule 26.01, subdivision 4, appellant acknowledged that he would be able to seek appellate review of only the issues raised during the suppression hearing concerning his traffic stop and subsequent arrest. Appellant's sufficiency-of-the-evidence challenge and his constitutional argument are waived. Minn. R. Crim. P. 26.01, subd. 4(f) (limiting the scope of appellate review to the pretrial issue). We therefore consider only appellant's reasonable-suspicion argument.

Appellant argues that the district court erred in determining that Sergeant Weier had reasonable articulable suspicion to stop appellant's car. Presented with conflicting testimony on whether or not appellant was speeding just prior to the stop, the district court credited Sergeant Weier's testimony and found that he was reasonably suspicious when he stopped appellant, and articulated the basis of his suspicion by estimating that appellant was driving too fast.

"When reviewing a district court's pretrial order on a motion to suppress evidence, 'we review the district court's factual findings under a clearly erroneous standard and the

4

district court's legal determinations de novo.'" *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008) (quoting *State v. Jordan*, 742 N.W.2d 149, 152 (Minn. 2007)). We review determinations of reasonable suspicion de novo. *State v. Britton*, 604 N.W.2d 84, 87 (Minn. 2000); *In re Welfare of G.M.*, 560 N.W.2d 687, 690 (Minn. 1997). We consider the totality of the circumstances to determine whether a reasonable basis justified a stop. *Britton*, 604 N.W.2d at 87.

The Fourth Amendment to the United States Constitution and Article I of the Minnesota Constitution protect citizens from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. However, a law enforcement officer may temporarily detain a person that he suspects has engaged in criminal activity if "the stop was justified at its inception by reasonable articulable suspicion, and . . . the actions of the police during the stop were reasonably related to and justified by the circumstances that gave rise to the stop in the first place." *State v. Diede*, 795 N.W.2d 836, 842 (Minn. 2011) (quotation omitted). Traffic violations, "however insignificant," provide a legal basis for stopping a vehicle. *State v. George*, 557 N.W.2d 575, 578 (Minn. 1997). Where an officer has reasonable suspicion that a driver has committed a traffic violation, he may initiate a stop. *Sazenski v. Comm'r of Pub. Safety*, 368 N.W.2d 408, 409 (Minn. App. 1985).

> An actual violation of the vehicle and traffic laws need not be detectable. The police must only show that the stop was not the product of mere whim, caprice or idle curiosity, but was based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.

*State v. Pike*, 551 N.W.2d 919, 921-22 (Minn. 1996) (quotation omitted).

5

At the suppression hearing, Sergeant Weier testified that he had two reasons to suspect appellant was travelling faster than the 30-miles-per-hour speed limit. First, Sergeant Weier, relying on his training and years of police experience, visually estimated the speed of appellant's car at 45 miles per hour. Second, while following appellant, Sergeant Weier's squad reached a speed of 40 miles per hour without gaining on appellant's car. The district court determined that Sergeant Weier reasonably believed appellant was speeding.

Citing *State v. George*, appellant argues that he was not speeding, and that therefore Sergeant Weier could not have had reasonable suspicion to stop his car. However, *State v. George* addresses mistakes of law, not mistakes of fact. 557 N.W.2d at 579 (holding that a stop of a motorcycle with three headlights, premised on the mistaken belief that the law prohibited such a configuration, was unconstitutional because there was no objective basis in the law for the officer to reasonably suspect a crime had occurred).[1] Here, appellant argues that Sergeant Weier mistakenly determined appellant to have been driving 45 miles per hour: a mistake of fact. A mistake of fact does not invalidate a traffic stop so long as that mistake is reasonable. *See State v. Johnson*, 392 N.W.2d 685, 687 (Minn. App. 1986) (holding that mistaken identity did not render a stop invalid). An officer who visually estimates the excessive speed of a car, and is able to corroborate his estimate by following

---

[1] In *Heien v. North Carolina*, 135 S. Ct. 530 (2015), the United States Supreme Court held that, in some circumstances, a reasonable mistake of law may not invalidate a traffic stop. We have no occasion to consider whether *George* survives *Heien* by affording greater constitutional protection of personal liberty under Article I, § 10 of the Minnesota Constitution than is afforded under the Fourth Amendment of the United States Constitution. *George* is not relevant to this case.

that car, has a reasonable and articulable suspicion of a traffic violation. Even if appellant can now demonstrate that he was not speeding (which we need not determine for reasonable-suspicion purposes), Sergeant Weier's suspicion that appellant was speeding was reasonable and sufficient to support a stop.

Appellant also argues that an officer's testimony concerning visual estimation cannot, on its own, support a finding of reasonable suspicion. However, we have held that a law enforcement officer's visual estimation of a driver's excessive speed is sufficient to support a traffic stop. *Sazenski*, 368 N.W.2d at 409. A finding of reasonable suspicion on the basis of excessive speed does not depend upon whether a defendant is charged with speeding or whether the officer "clock[s] the vehicle's exact speed." *Frank v. Comm'r of Pub. Safety*, 384 N.W.2d 574, 576 (Minn. App. 1986). Additionally, the district court found as a fact that Sergeant Weier's "visual estimates of speeds are accurate within five miles per hour or less." Appellant does not challenge this finding as clearly erroneous, and the record supports it. The district court did not err in determining that an experienced officer's visual estimate and subsequent attempt at pacing were sufficient to support this traffic stop.

Finally, appellant attacks the quality of Sergeant Weier's visual estimate of appellant's speed, arguing that Sergeant Weier was distracted when he first spotted appellant's car. The record does not support this assertion. The district court found that Sergeant Weier "had just cleared a traffic stop" and "was traveling north on Lexington" when he noticed appellant's vehicle. Appellant does not challenge this finding of fact as clearly erroneous, but would have us infer distraction from the fact that Sergeant Weier

7

had just concluded a traffic stop. No such inference is warranted. The district court found that the officer was able to see the car and estimate its speed. Whether it might have made other findings or inferences is not a proper consideration on appeal. *State v. Halverson*, 373 N.W.2d 618, 621 (Minn. App. 1985) ("It is not the function of the reviewing court to second guess and substitute its judgment for that of the trial court."). We review the findings and legal conclusions that the district court did make, and the record supports them.

The district court did not err in finding Sergeant Weier had reasonable suspicion to stop appellant's vehicle. We therefore affirm its denial of appellant's motion to suppress.

**Affirmed.**