STATE v. JOHN DILLON.

242 N. W. 2d 84.

April 30, 1976—No. 46181.

*Pierre N. Regnier,* City Attorney, and *Thomas R. Hughes* and *Paulette K. Flynn,* Assistant City Attorneys, for appellant.

*Dorn & Berglund, John J. Berglund,* and *Robert B. Varco,* for respondent.

PER CURIAM.

This is an appeal from an order of the St. Paul municipal court suppressing evidence and dismissing a prosecution against defendant for failure to yield a right-of-way, driving while under the influence, and driving with blood alcohol of .10 percent or more by weight. The basis of the order was that the initial stop and arrest of defendant for failure to yield the right-of-way and the inculpatory evidence of defendant's

physical condition obtained as a result of the arrest constituted an illegal search and seizure in violation of defendant's Fourth Amendment rights. Since the decision of the trial court turns on factual findings that defendant did not commit any observable act which reasonably justified police intrusion, we affirm.

The state seeks to justify the stop and traffic-violation arrest on the ground that the officer who made the stop had actually observed defendant violate the right-of-way law. The trial court, however, rejected the officer's testimony and accepted the contrary testimony of defendant and the automobile driver whose right-of-way had allegedly been violated.

The state, while not challenging the trial court's findings, argues that the officer, at worst, made a reasonable mistake in thinking that defendant had violated the right-of-way law and that therefore the stop was also reasonable. This argument is based on City of St. Paul v. Vaughn, 306 Minn. 337, 237 N. W. 2d 365 (1975). In that case, we held that arresting police officers acted reasonably in attempting to stop an automobile which was driven by a person who they mistakenly (but reasonably) believed was driving after suspension.

The error in this argument is that the trial court did not find that the arresting officer in this case had made a reasonable mistake. Rather, the trial court expressly found that the officer had not actually observed defendant violate the right-of-way law, rejecting the officer's testimony to the contrary as speculative at best.

Based upon this critical finding of fact, we hold that the trial court correctly ruled that the stop and arrest were illegal and the evidence obtained as a consequence inadmissible. See, Terry v. Ohio, 392 U. S. 1, 88 S. Ct. 1868, 20 L. ed. 2d 889 (1968); State v. McKinley, 305 Minn. 297, 232 N. W. 2d 906 (1975).[1]

Pursuant to Minn. St. 632.13(8), defendant is allowed $350 attorneys fees.

Affirmed.

---

[1] In State v. McKinley, 305 Minn. 297, 302, 232 N. W. 2d 906, 910 (1975), we said: "As fully shown in the record, there are no specific and articulable facts upon which the police officers relied to justify the stop and subsequent search of defendant. There is no dispute with the findings of the trial court that the officers neither observed any unlawful or suspicious conduct on the part of defendant nor had knowledge of the cancellation of his driver's license. We therefore hold that the stop and frisk, clearly performed without basis of probable cause or articulable facts, violated the constitutional rights of defendant."