**Bradley Paul LARSON,
Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

No. C5–84–1380.

Court of Appeals of Minnesota.

Nov. 20, 1984.

William L.H. Lubov, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

**SUMMARY OPINION**

LESLIE, Judge.

**FACTS**

On June 1, 1984 at about 2:50 a.m., respondent was traveling south on Highway 100 near the Highway 55 junction in Golden Valley. A Golden Valley police officer was following respondent at this time; there was no other traffic on the road. As respondent approached the clover leaf exit ramp, he reduced his speed to approximately 35 miles per hour and exited on the ramp to Highway 55. The officer observed respondent's vehicle reduce speed further at the beginning of the ramp, accelerate to approximately 30 miles an hour in the middle of the ramp, and then reduce speed again at the end of the ramp. While on the ramp, a driver's view of eastbound Highway 55 is obscured by a hill; there is a yield sign at the end of the ramp and a driver must turn completely around to view the eastbound traffic of Highway 55. Respondent merged directly into the left lane of eastbound Highway 55. The officer then stopped respondent and asked for respondent's driver's license. While the officer was talking with respondent he detected numerous indicia of intoxication and arrested respondent for D.W.I.

Following an implied consent hearing, the trial court found that the officer did not have an articulable ground to stop respondent's vehicle when he observed no traffic violation and the only suspicious driving conduct was the deceleration at a yield sign. The trial court implicitly found respondent obeyed all traffic laws relating to straddling, signaling, and entering and exiting an exit ramp.

**DECISION**

■ The decision of the trial court turns on factual findings that respondent did not commit any observable act which

reasonably justified police intrusion. *State v. Dillon*, 308 Minn. 464, 465, 242 N.W.2d 84, 85 (1976). On appeal to this court, findings of fact will not be set aside unless clearly erroneous. *State, Department of Highways v. Beckey*, 291 Minn. 483, 192 N.W.2d 441 (1971). The trial court concluded that respondent's slowing down at the yield sign near the end of the ramp leading to Highway 55 did not give the officer an articulable ground to stop respondent's car. *State v. Johnson*, 257 N.W.2d 308 (Minn. 1977). While we may have reached a different conclusion, we cannot substitute our findings when the trial court's findings are supported by the record.

Affirmed.