## STATE of Minnesota, Appellant,

v.

## Robert Donald BENDER, Respondent.

### No. CO–85–2169.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Hubert H. Humphrey, III, St. Paul, Casey J. Christian, Asst. Steele Co. Atty., Owatonna, for appellant.

Stephen R. Ecker, Faribault, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge

The State appeals from a pretrial order and contends the trial court erred in finding that a police officer failed to state an articulable basis for stopping respondent's vehicle. We affirm.

## FACTS

At 12:25 a.m. on August 11, 1985 Owatonna Police Officer Timothy Hassing was driving his squad car north on Elm Street to assist another officer who had stopped a motorist. The other police car was stopped and had its red emergency lights flashing. As he approached the other police car, which was parked on the opposite side of Elm Street, he saw respondent Donald Bender's car coming towards him:

> As it came by the Officer's unit that had stopped the other vehicle, it had accelerated rapidly and with the—causing excessive loud noise and loud exhaust and just because of the excessive acceleration with people being around, it caught my attention as well as the loud noise. I then turned around and followed the vehicle to South Elm where I did stop the vehicle.

Bender did not exceed the speed limit or drive his car recklessly. Officer Hassing did not suspect Bender of driving while under the influence. The only thing that attracted the officer's attention was "the loud exhaust and the excessive rate of speed in which he came by the squad car." The officer did not cite Bender for loud exhaust or have the car tested to see if it was in violation of noise regulations.

After he stopped Bender, the officer observed various indicia of intoxication. Bender was arrested and charged with driving while under the influence. Minn. Stat. § 169.121 (1984). A pretrial evidentiary hearing was held in Steele County District Court on October 4, 1985. The court found the officer did not have an articulable basis for stopping Bender:

> There is no observation of any conduct which would cause the Officer to believe that the driver of the automobile was impaired in any way and possibly under the influence of alcohol. The failure to cite the Defendant for an exhaust problem, I think, causes the statement that there was excessive noise which in itself was not articulated very well—it was not sufficient and the Court therefore finds that the stop was improper * * *.

The court ordered blood test results and other evidence suppressed, and dismissed the charge for lack of probable cause. The State appeals pursuant to Minn.R.Crim.P. 28.04, subd. 1(1).

## ISSUE

Did the trial court err in finding a police officer did not have an articulable basis for his investigatory stop of respondent's vehicle?

## ANALYSIS

1. The Minnesota Supreme Court has adopted the "totality of the circumstances" test for determining the validity of investigatory stops of automobiles. Under this standard, a stop is valid if:

> the police who made the stop are able to articulate at the omnibus hearing that they had a "particularized and objective basis for suspecting the particular persons stopped of criminal activity." In

applying this standard, the court should consider the totality of the circumstances and should remember that trained law-enforcement officers are permitted to make "inferences and deductions that might well elude an untrained person."

*State v. Kvam*, 336 N.W.2d 525, 528 (Minn. 1983) (quoting *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)) (other citations omitted).

In *Larson v. Commissioner of Public Safety*, 358 N.W.2d 154 (Minn.Ct.App. 1984), police stopped a motorist after he slowed down for a yield sign on a highway ramp. The trial court there found the police officer did not have an articulable basis to make a stop because he had not observed any traffic violation and the only suspicious behavior was slowing at the yield sign. *Id.* at 154. This court affirmed, stating:

> While we may have reached a different conclusion, we cannot substitute our findings when the trial court's findings are supported by the record.

*Id.* at 155.

2. In this matter, the State argues the officer was justified in stopping respondent when he observed "loud exhaust and rapid acceleration past a squad with its lights flashing." The State asserts it is not unusual for a police officer to not cite a person for the petty offense that initiates a stop and that the trial court overlooked a police report in finding the officer did not articulate the "excessive noise" basis for the stop.

We agree with the trial court that under the totality of these circumstances, this officer did not have an articulable basis for suspecting respondent of criminal activity. The officer testified when he stopped respondent, he did not suspect him of driving while under the influence. Respondent did not exceed the speed limit, drive recklessly, or commit any other traffic offense. *Compare State v. DeSart*, 357 N.W.2d 416 (Minn.Ct.App.1984) (defendant stopped after making illegal turn).

Neither did the officer state that he inferred from respondent's conduct that he

was involved in some sort of criminal activity. *Compare State v. Barber,* 308 Minn. 204, 241 N.W.2d 476 (1976) (wired-on license plate led police officer to suspect plate was from another vehicle).

The officer did not ticket respondent for a defective muffler or even testify that the level of noise would have constituted a violation. The officer only stated that in his subjective opinion, respondent's car made "excessive noise." The officer's report did not add anything to his testimony.

The trial court specifically found that the police officer did not observe any conduct by Bender that would justify an investigatory stop. The finding and order are supported by the record and are accordingly sustained. *See Larson,* 358 N.W.2d at 155; *see also State v. Dillon,* 308 Minn. 464, 242 N.W.2d 84 (1976).

### DECISION

The trial court did not err in finding a police officer did not have an articulable basis for making an investigatory stop of respondent's vehicle.

Affirmed.