**STATE of Minnesota, Respondent,**

v.

**Jerome Thomas CLEPPER, Appellant.**

**No. C3–86–1088.**

Court of Appeals of Minnesota.

Jan. 20, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James T. Reuter, Chisago Co. Atty., Scott A. Hersey, Asst. Chisago Co. Atty., Center City, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and FOLEY, and WOZNIAK, JJ., with oral argument waived.

## MEMORANDUM OPINION

WOZNIAK, Judge.

### FACTS

Chisago County Deputy Russell Frank was dispatched to a ditch alongside County Road 7 around 5:00 a.m. on October 19, 1985. Frank observed a car in the ditch and a man, later identified as appellant, lying across the front seat apparently asleep. Frank rapped on the window and appellant opened the door. Frank immediately detected a strong odor of alcohol about appellant and that appellant's eyes were glassy and bloodshot. Frank also observed appellant was disoriented and that he was unsteady on his feet.

Appellant did not have a driver's license and was asked to accompany Frank to his squad car. Appellant sat in the back seat as Frank completed a driver's license check. Frank asked appellant how the car got in the ditch and appellant replied that a friend had been driving, and when asked to specify, indicated that it was no one in particular.

Frank learned that appellant's driving privileges had been revoked. He told appellant this and said that he believed appellant had been driving at the time of the accident based on the fact that appellant was the only person in the vehicle and based on appellant's position inside the vehicle. Appellant in turn admitted that he had been the driver and that he had gone into the ditch about two hours earlier. Field sobriety tests were administered and appellant was placed under arrest for DWI. Appellant refused to be tested and was subsequently charged with aggravated

DWI, Minn.Stat. § 169.129 (1984), gross misdemeanor DWI, Minn.Stat. § 169.121, subd. 1(a) and subd. 3(a) (1984), driving after revocation, Minn.Stat. § 171.24 (1984), and careless driving, Minn.Stat. § 169.13, subd. 2 (1984).

Prior to trial, defense counsel moved to suppress appellant's statements made to Frank while he was in the squad car on the basis that Frank had failed to advise appellant of his *Miranda* rights. The trial court denied appellant's request and this ruling is challenged again on appeal following appellant's convictions.

### DECISION

Appellant's contentions are refuted by the following cases: *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *State v. Herem*, 384 N.W.2d 880 (Minn.1986); *State v. Johnson*, 392 N.W.2d 685 (Minn.Ct.App.1986). The brief detention here did not require a *Miranda* warning.

We are not unsympathetic to defendant's contention that he was in custody when placed in the back of the squad car. However, in *Herem*, the supreme court stated:

> Nor does the fact that the brief questioning of defendant took place in the patrol car convert an ordinary traffic stop into a custodial interrogation. * * * It seems to us that the trial court was justified in concluding that simply requiring defendant to sit in a police car for a short time, an act much less intimidating or coercive than an order delivered at gunpoint, did not take the situation beyond the realm of the ordinary traffic stop.

*Herem*, 384 N.W.2d at 883.

Affirmed.