STATE of Minnesota, Respondent,

v.

Michael John KITTRIDGE, Appellant.

No. C2–99–1535.

Court of Appeals of Minnesota.

July 11, 2000.

Review Denied Sept. 13, 2000.

Paul D. Baertschi, Steven M. Tallen, Tallen & Baertschi, Minneapolis, MN, for respondent.

Steven C. Wang, Schneider Law Firm, Willmar, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge, HALBROOKS, and HUSPENI,* Judges.

## OPINION

PETERSON, J.

In this appeal from convictions of obstructing legal process and driving under the influence, appellant Michael John Kittridge argues that the police did not have a basis for stopping the truck he was driving. We affirm.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## FACTS

Appellant Michael John Kittridge was charged with driving under the influence (DWI), obstructing legal process, illegal use of in transit plates, intent to escape tax, and driving with expired registration. Kittridge moved to suppress the evidence against him and to dismiss the charges against him, arguing that the police stop of his truck was illegal. At the Rasmussen hearing, the parties stipulated to the pertinent facts and submitted memoranda. The district court denied Kittridge's motions.

Kittridge waived his right to a jury trial and the parties agreed that the charges of obstruction of legal process and DWI would be tried to the court based on stipulated facts pursuant to Minn.R.Crim.P. 26.01, subd. 3. The remaining charges were dismissed. The parties entered the following stipulated facts [1] into the record:

1. On August 24, 1998, [appellant] was driving a 1990 Chevrolet pickup truck in the City of Maple Grove, Hennepin County.

2. At approximately 8:34 p.m., Officer Hendrickson of the Maple Grove Police Department observed [appellant's] vehicle travelling westbound on Interstate 694.

3. Officer Hendrickson observed an "In Transit" plate on the rear of the vehicle and a "regular" Minnesota license plate with expired registration on the front of the vehicle.

4. The police stopped the vehicle, observed indicia of intoxication and placed the driver ( [appellant] ) under arrest for driving while intoxicated.

5. During the arrest process, [appellant] allegedly struggled with the officers, resulting in the obstructing legal process charges.

1.  The facts to which the parties stipulated are stated in the order the district court issued

The trial court found Kittridge guilty of obstruction of legal process and DWI.

## ISSUE

After observing an expired license plate displayed on the front of the truck Kittridge was driving, did the police have a sufficient basis to stop the truck?

## ANALYSIS

Kittridge argues that the police lacked a reasonable basis to stop him. He contends that although he had a license plate with an expired tab on the front of his truck, he did not violate the traffic code because he was displaying a valid "in transit" license plate on the back of the truck as permitted under Minn.Stat. § 168.053 (1998).

■ Once the facts are established, whether a motor-vehicle stop was valid is a question of law. *State v. Hjelmstad*, 535 N.W.2d 663, 664 (Minn.App.1995). The test is not whether the trial court's decision is clearly erroneous, but whether, as a matter of law, the basis for the stop was adequate. *Berge v. Commissioner of Pub. Safety*, 374 N.W.2d 730, 732 (Minn.1985).

■ To make a legal investigatory stop of a motor vehicle, police must have "specific and articulable facts" that establish a "reasonable suspicion" of a driving violation or criminal activity. *State v. McKinley*, 305 Minn. 297, 302–04, 232 N.W.2d 906, 910–11 (1975). "All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity." *State v. Johnson*, 392 N.W.2d 685, 687 (Minn.App. 1986) (quotation omitted). "The test is whether the officer observed sufficient objective facts to support the stop." *Shull v. Commissioner of Pub. Safety*, 398 N.W.2d 11, 14 (Minn.App.1986).

Kittridge is correct that Minn.Stat. § 168.053, subd. 1, authorizes the registrar of motor vehicles to issue an annual "driveaway in transit license plate" to an appli-

following the Rasmussen hearing.

cant engaged in the business of transporting vehicles owned by another who files an application and pays a registration fee. But that statute also provides that the drive-away in transit license plate "must be carried and displayed on the power unit consistent with section 169.79." *Id.*

Minn.Stat. § 169.79 (1998) provides:

No person shall operate, drive or park a motor vehicle on any highway unless the vehicle is registered in accordance with the laws of this state and has **the number plates for the current year only** * * * conspicuously displayed thereon in a manner that the view of any plate is not obstructed. * * * If the vehicle is a * * * vehicle displaying a dealer plate, one plate shall be displayed on the rear thereof * * *.

(Emphasis added.)

The emphasized language in section 169.79 plainly states that the only number plates that are to be displayed on a motor vehicle are the number plates for the current year. The number plate displayed on the front of the truck Kittridge was driving was not a plate for the current year.

 Kittridge argues that construing Minn.Stat. § 169.79 to prohibit displaying on the front of a motor vehicle a license plate that is not current while a current drive-away in transit license plate is displayed on the rear of the vehicle is inconsistent with Minn.Stat. § 168.053. In making this argument, Kittridge acknowledges that Minn.Stat. § 169.79 does not mention in transit plates,[2] but, nevertheless, argues that a vehicle using a drive-away in transit license plate is only required to display one license plate on the rear of the vehicle.

Even if we assume that a vehicle using a drive-away in transit license plate is only required to display one license

plate, we conclude that Minn.Stat. § 169.79 and Minn.Stat. § 168.053 are consistent. A person driving a motor vehicle with a current drive-away in transit license plate as permitted by Minn.Stat. § 168.053 can easily comply with both statutes. All that must be done to satisfy the requirement in Minn.Stat. § 169.79 that number plates for the current year only be displayed on the vehicle is to remove from the vehicle any number plates that are not for the current year.

## DECISION

Because Kittridge violated Minn.Stat. § 169.79 by displaying an expired license plate on the front of the truck he was driving, the police had a reasonable suspicion of a driving violation, which was a sufficient basis for stopping the truck.

**Affirmed.**

---

2. Minn.Stat. § 169.79 requires a vehicle displaying a dealer plate to display one plate, which is to be displayed on the rear of the vehicle. Kittridge does not cite any authority for his argument that the dealer-plate provision applies to drive-away in transit plates.

But the state does not dispute Kittridge's claim that a vehicle displaying a drive-away in transit plate is required to display just one plate, which is to be displayed on the rear of the vehicle.