STATE of Minnesota, Respondent,

v.

Lewis Gilbert Ombagi OMWEGA,
Appellant.

No. A08–1738.

Court of Appeals of Minnesota.

July 21, 2009.

Lori Swanson, Attorney General, and Susan Gaertner, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, MN, for respondent.

David J. Risk, Caplan Law Firm, P.A., Minneapolis, MN, for appellant.

Considered and decided by CONNOLLY, Presiding Judge; PETERSON, Judge; and JOHNSON, Judge.

## OPINION

CONNOLLY, Judge.

Appellant argues that using prior implied-consent license revocations to enhance a misdemeanor driving-while-impaired charge to a felony is unconstitutional. We affirm.

## FACTS

On August 26, 2006, appellant Lewis Gilbert Ombagi Omwega was arrested for allegedly driving while impaired. On September 3, as a result of that offense, appellant's driver's license was revoked for driving with an alcohol concentration of .20 or more. *See* Minn.Stat. § 169A.20, subd. 3 (2008).

On September 24, appellant was again arrested for allegedly driving while impaired, and his license was subsequently revoked on November 23, for driving with an alcohol concentration of .20 or more. On October 14, appellant was again arrested for allegedly driving while impaired. Appellant refused to provide a breath sample for testing, and his license was revoked

on October 21, as a result of that test refusal. Appellant did not seek judicial review of his license revocations. On November 23, appellant's driver's license was canceled as inimical to public safety.

On March 25, 2007, appellant was again arrested for allegedly driving while impaired and refused to submit a breath sample for testing. Based upon his refusal to submit to a chemical test and his three prior impaired-driving license revocations, appellant was charged with felony first-degree driving while impaired.

Appellant brought a motion to dismiss the complaint, arguing that using three prior license revocations to enhance the criminal charge was unconstitutional. A hearing was held, and the district court denied appellant's motion to dismiss the felony charge, but scheduled a subsequent evidentiary hearing to determine if the September 3 revocation was unconstitutionally obtained. Following the evidentiary hearing, the district court issued an order, finding that the state had met its burden of establishing the constitutionality of the September 3 license revocation. Therefore, the district court denied appellant's motion to dismiss in its entirety.

On June 23, 2008, a *Lothenbach* proceeding was held. The district court found appellant guilty of felony first-degree driving while impaired. Appellant was sentenced to the presumptive stayed sentence of 36 months in prison, and this appeal follows.

## ISSUES

I. Did the district court err by concluding that the Fifth Amendment due-process clause does not prohibit the use of implied-consent license revocations to enhance a DWI to a felony?

II. Does the Sixth Amendment right-to-a-jury clause forbid the use of an implied-consent license revocation to enhance a DWI charge from a misdemeanor to a felony?

III. Did the district court err by concluding that the Fifth Amendment due-process clause does not prohibit the use of the first implied-consent license revocation to enhance this DWI offense to a felony?

## ANALYSIS

Under Minnesota law, "[a] person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person ... commits the violation within ten years of the first of three or more qualified prior impaired-driving incidents." Minn.Stat. § 169A.24, subd. 1(1) (2008). A qualified prior impaired-driving incident includes "prior impaired driving-related losses of license." Minn.Stat. § 169A.03, subd. 22 (2008). Prior impaired driving-related losses of license include revocation under the implied-consent law. Minn.Stat. § 169A.03, subd. 21(a)(1).

■■ "Evaluating a statute's constitutionality is a question of law." *Hamilton v. Comm'r of Pub. Safety,* 600 N.W.2d 720, 722 (Minn.1999). Accordingly, our review is de novo and we are "not bound by the [district] court's decision." Id. "[W]e proceed on the presumption that Minnesota statutes are constitutional and that our power to declare a statute unconstitutional should be exercised with extreme caution." *Associated Builders & Contractors v. Ventura,* 610 N.W.2d 293, 299 (Minn.2000).

**I. The district court did not err by concluding that the Fifth Amendment due-process clause does not prohibit the use of implied-consent license revocations to enhance a misdemeanor DWI to a felony.**

■■ Appellant argues that the Fifth Amendment's due-process clause prohibits

the use of implied-consent revocations to enhance a criminal charge. The district court concluded that existing caselaw has held that enhancement is constitutional.

The constitutionality of using implied-consent revocations to enhance a criminal charge has been addressed by this court. In *State v. Coleman*, this court concluded that "[b]ecause Coleman had the opportunity for meaningful judicial review of the ... revocation of his driving privileges, use of the revocation as an aggravating factor did not violate his due-process rights." 661 N.W.2d 296, 301 (Minn.App.2003). Appellant in this case also had the opportunity for meaningful judicial review of his license revocations, but he did not seek that review.[1] "The availability of that review, although unexercised, satisfies the due-process requirement of meaningful review." *State v. Goharbawang*, 705 N.W.2d 198, 202 (Minn.App.2005). Appellant provides no compelling reason for this court to overrule its established precedent. Therefore, it is not unconstitutional under the Fifth Amendment to use appellant's three prior implied-consent license revocations to enhance his felony driving-while-impaired charge.

## II. The Sixth Amendment right-to-a-jury clause does not forbid the use of an implied-consent license revocation to enhance a misdemeanor DWI charge to a felony.

■ Appellant argues that the Sixth Amendment right to a jury forbids the use of an implied-consent revocation to enhance a criminal charge unless all of the underlying facts of the revocation are proven beyond a reasonable doubt. Although appellant raised this argument in his motion to dismiss the felony charge, the district court did not address it in either of its orders.

Appellant bases his argument on the United States Supreme Court decision *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In particular, appellant cites to the following language: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed *statutory maximum must be submitted to* a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362–63. In essence, appellant advocates a rule requiring a jury to find not only the fact that a prior revocation occurred beyond a reasonable doubt, but also that the jury must find all of the underlying facts associated with the revocation beyond a reasonable doubt.

■ This issue has recently been addressed by this court in an unpublished opinion. *State v. Darnell*, No. A07–1289, 2007 WL 4305441 (Minn.App. Dec.11, 2007), *review denied* (Minn. Feb. 19, 2008).[2] In *Darnell*, this court concluded that using implied-consent revocations to enhance criminal charges does not violate the Sixth Amendment.[3] *Id.* at *3–*4. The

---

1. Minn.Stat. 169A.53, subd. 2 (2008), provides that "[w]ithin 30 days following receipt of a notice and order of revocation or disqualification pursuant to section 169A.52 (revocation of license for test failure or refusal), a person may petition the court for review."

2. Unpublished opinions of this court are not precedential, but they may be considered for their persuasive value. *See* Minn.Stat. § 480A.08, subd. 3(c) (2008) (stating that "[u]npublished opinions of the court of ap-

peals are not precedential"); *Dynamic Air, Inc. v. Bloch*, 502 N.W.2d 796, 800 (Minn. App.1993) (holding that unpublished opinions are of persuasive value "[a]t best" and not precedential).

3. The special concurrence noted that appellant "should be able to challenge the use of the prior revocation at [the criminal] trial and require the prosecution to prove beyond a reasonable doubt the factual grounds for the revocation." *Id.* at *4.

court stated that accepting appellant's argument "would convert the civil license revocation process into a criminal proceeding," the idea of which has already been rejected by this court and the Minnesota Supreme Court. *Id.* at *3. The court then summarized its analysis:

> In a Minnesota felony-DWI prosecution, the jury *is* required to find beyond a reasonable doubt whether the defendant has any qualified prior impaired-driving incidents within the ten years immediately preceding the current offense. 10A *Minnesota Practice,* CRIMJIG 29.22 (2007). If the answer is yes, the jury must specify how many such offenses the defendant has. *Id.* Because a defendant cannot be convicted of a felony-level DWI unless the jury has found beyond a reasonable doubt that the defendant has at least three qualified prior impaired-driving incidents within ten years of the current offense, [appellant's] arguments based on the Sixth Amendment and *Apprendi* are without merit.

*Id.* at *4.

We agree. Appellant does not dispute that these three revocations occurred, and requiring the state to prove each underlying fact of the revocations would essentially require a separate trial within a trial on each revocation in order to enhance a DWI charge. Such an approach is both impractical and unnecessary. This concept has also been rejected in this state. *See Davis v. Comm'r of Pub. Safety,* 517 N.W.2d 901, 905 (Minn.1994) (stating that the court of appeals properly rejected an argument that the implied-consent hearing is a de facto criminal proceeding requiring application of due-process rights associated with a criminal trial). Moreover, *Apprendi* does not require that all of the facts surrounding the license revocation be proved beyond a reasonable doubt. The

only fact that must be proved is the existence of the revocation itself. Therefore, the use of a license revocation to enhance a criminal charge does not violate the Sixth Amendment.

### III. The district court did not err by concluding that the Fifth Amendment due-process clause does not prohibit the use of the first implied-consent license revocation to enhance this offense to a felony.

■ Appellant argues that use of his license revocations to enhance his driving-while-impaired charge violates due process because the September 3 license revocation was unconstitutional. Appellant raises three constitutional arguments on appeal: (1) the state failed to provide appellant timely notice of the revocation; (2) the waiver was not considered or knowing; and (3) the state violated the principle of fundamental fairness by revoking appellant's license when he was not the driver.

> To properly raise the constitutionality of a prior license revocation and shift the burden of proof to the state, an appellant must (1) promptly notify the state that [his] constitutional rights were violated during a prior license revocation; and (2) produce evidence in support of that contention with respect to each challenged [revocation].

*State v. Mellett,* 642 N.W.2d 779, 789 (Minn.App.2002) (quotation omitted).

■ The district court determined that appellant had presented enough evidence to shift the burden of proof to the state. An evidentiary hearing was held, and the district court concluded that the license revocation was not unconstitutionally obtained. "On appeal to this court, findings of fact will not be set aside unless clearly erroneous." *Larson v. Comm'r of Pub.*

*Safety*, 358 N.W.2d 154, 155 (Minn.App. 1984).

It is arguable whether appellant promptly notified the state that his constitutional rights were violated. The license revocation was issued September 3, 2006.[4] Appellant's motion challenging the constitutionality of the revocation was dated October 12, 2007. Appellant waited more than a year to notify the state that he was questioning the validity of the revocation. It is difficult to see how this could be considered prompt notification. Nonetheless, because it appears that appellant is unable to demonstrate that the revocation was obtained in an unconstitutional manner, the timeliness of the challenge is irrelevant.

█ First, the district court found that appellant was provided with timely notification of the revocation because the police officer properly placed the Notice and Order of Revocation in appellant's bag with his other property upon his release from police custody. Appellant argues that putting the notice in the bag was insufficient to convey actual notice, and therefore the revocation was unconstitutionally obtained. According to appellant "the state should be required, at a minimum, to ensure that a defendant actually receives the notice before it can enhance a criminal charge to a felony based on a revocation." Appellant provides no support for this assertion. The district court's finding that appellant was given proper notification of the revocation was not clearly erroneous.

Second, appellant argues that his waiver of judicial review was not considered or knowing. In *State v. Wiltgen*, judicial review of a driver's license revocation had been sought, but had not yet occurred,

when that revocation was used to enhance a criminal charge. *State v. Wiltgen*, 737 N.W.2d 561, 564 (Minn.2007). The Minnesota Supreme Court concluded that use of an unreviewed administrative license revocation to establish an aggravating factor for a DWI charge would violate the defendant's right to due process. *Id.* The court differentiated *Wiltgen* from an earlier, similar case by stating that, "[i]n *Goharbawang*, the driver failed to timely petition for judicial review of his revocation and thus can fairly be said to have waived that review." *Id.* at 567 (citation omitted). The court concluded that, with regard to enhancement, the statute allowing "prior impaired driving-related losses of license, is construed to only include license revocations where judicial review has occurred or has been waived." *Id.* at 564.

█ Appellant received timely notification of the revocation and the process for challenging it. He did not seek judicial review. "The availability of that review, although unexercised, satisfies the due-process requirement of meaningful review." *Goharbawang*, 705 N.W.2d at 202. In light of caselaw indicating that the failure to seek judicial review of a revocation can be considered a proper waiver, and sufficient for due process, appellant is unable to demonstrate that use of this revocation for enhancement was unconstitutional.

Lastly, appellant argues that the September 3 license revocation was unconstitutional because he was not driving the vehicle on the night that he was arrested for allegedly driving while impaired. The district court did not make any findings with regard to this argument.

---

4. Appellant claims that he did not receive notice of the revocation until October 16, 2006. This does not change the analysis, as it still took nearly a year for appellant to challenge the constitutionality of the revocation.

At the March 14 hearing, the officer who stopped the vehicle, which was proceeding in the wrong direction on the road, testified that he observed another individual driving the vehicle, while appellant was in the passenger seat. However, the driver of the vehicle informed the officer that appellant had previously been driving. Under the implied-consent law

> [a]ny person who drives, operates, or is in physical control of a motor vehicle within this state or on any boundary water of this state consents ... to a chemical test of that person's blood, breath, or urine for the purpose of determining the presence of alcohol, a controlled substance or its metabolite, or a hazardous substance.

> (b) The test may be required of a person when an officer has probable cause to believe the person was driving, operating, or in physical control of a motor vehicle in violation of section 169A.20 (driving while impaired), and one of the following conditions exist:

> > (1) the person has been lawfully placed under arrest for violation of section 169A.20 or an ordinance in conformity with it.

Minn.Stat. § 169A.51, subd. 1(a), (b)(1) (2008). The officer had probable cause to believe that appellant had been driving the vehicle based on the witness's statement. Appellant was lawfully placed under arrest for suspected driving while impaired, and the breath test indicated an alcohol concentration above the legal limit. The statute does not require the suspect to have been driving at the moment when the officer stopped the vehicle. Because the officer had probable cause to believe that appellant had been driving while impaired, and appellant had an opportunity for judicial review of the revocation, which he waived, the use of appellant's first license revocation to enhance the current offense was not unconstitutional.

### DECISION

The use of a prior license revocation to enhance a driving-while-impaired charge is not unconstitutional. At trial, it is not necessary to prove beyond a reasonable doubt all of the underlying facts associated with a prior revocation. All that is required of the State is that it prove beyond a reasonable doubt the existence of the actual license revocation itself. Therefore, the district court did not err by denying appellant's motion to dismiss.

**Affirmed.**