**STATE of Minnesota, Respondent,**

v.

**Michael James FERGUSON, Appellant.**

No. A10–540.

Court of Appeals of Minnesota.

Aug. 3, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and Susan Gaertner, Ramsey County Attorney, Mitchell L. Rothman, Assistant County Attorney, St. Paul, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by KALITOWSKI, Presiding Judge; HUDSON, Judge; and COLLINS, Judge.*

## OPINION

HUDSON, Judge.

On appeal following remand by this court for resentencing, appellant challenges his criminal-history score and argues that the district court erred by failing to impose sentence only on the most serious conviction arising out of a single behavioral incident. Because appellant may be sentenced only on his conviction of drive-by shooting toward an occupied building, we reverse and remand.

## FACTS

The facts of this case are described in detail in *State v. Ferguson*, No. A08–1327, 2009 WL 3172139 (Minn.App. Oct. 6, 2009). Briefly, appellant Michael Ferguson sat in the front passenger seat of a car driven by his brother, Matthew Dillard. *Ferguson*, 2009 WL 3172139, at *1. Another of appel-

lant's brothers, Marcus Dillard, sat in the back seat. *Id.* at *2. Appellant handed Marcus a gun, and Marcus fired six bullets into a house occupied by eight people. *Id.* No one was injured. *See id.*

A jury convicted appellant of one count of aiding and abetting drive-by shooting toward an occupied building. *Id.* Appellant was also convicted of eight counts of aiding and abetting second-degree assault—one count for each of the building's occupants. *Id.*

The district court imposed sentence on each of the eight assault convictions but not on the drive-by conviction. *Id.* For each of two of the assault convictions, appellant received a 36–month sentence. *Id.* These sentences were to be served consecutively. *Id.* For the six remaining assault convictions, the district court sentenced appellant to six 39–month sentences, to be served concurrently with each other and with one of the 36–month sentences. *Id.* Appellant's total sentence was 75 months. *Id.*

Appellant appealed his convictions and sentences. *Id.* This court affirmed appellant's convictions, but reversed and remanded for resentencing in light of the supreme court's decision in *State v. Franks*, 765 N.W.2d 68 (Minn.2009). *Id.* at *1, *5. This court stated that appellant should have been sentenced on the drive-by conviction because it was the most serious of the offenses. *Id.* at *5. This court also instructed the district court that appellant's new sentence could not exceed his initial total sentence of 75 months. *Id.*

On remand, the district court sentenced appellant on all nine convictions, for a total sentence of 75 months. Appellant received 39 months for the drive-by conviction.[1]

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. The 39–month drive-by sentence is a down-

He received seven 36–month sentences for the assault convictions, to be served concurrently with each other and the drive-by sentence. Appellant also received one 36–month sentence on the remaining assault conviction, to be served consecutively to the drive-by sentence. Appellant objected to the assault sentences. This appeal follows.

## ISSUES

I. Did the district court abuse its discretion in determining appellant's criminal-history score?

II. Did the district court err by imposing sentence on all nine convictions?

## ANALYSIS

### I

■ Appellant challenges his criminal-history score. Although appellant did not raise this issue at either of his sentencing hearings or during his first appeal, a criminal defendant may not waive review of the calculation of his criminal-history score. *See State v. Maurstad,* 733 N.W.2d 141, 147 (Minn.2007). We will not reverse a district court's determination of a criminal-history score absent an abuse of discretion. *State v. Stillday,* 646 N.W.2d 557, 561 (Minn.App.2002), *review denied* (Minn. Aug. 20, 2002).

■ Appellant argues that he was erroneously assigned a custody-status point, relying on his trial counsel's statement in a memorandum that appellant "has one criminal history point as a result of being on misdemeanor supervision for a DWI conviction." But the presentence investigation report shows that appellant committed the charged offenses while he was on probation for a conviction of third-degree driving while impaired, which is a gross misdemeanor. *See* Minn.Stat. § 169A.26, subd. 2 (2007). The sentencing guidelines provide that one criminal-history point is to be assigned if the offender was on probation following a conviction of gross-misdemeanor driving while impaired. Minn. Sent. Guidelines II.B.2.a (2007). On this record, the district court did not abuse its discretion by assigning the custody-status point to appellant.

### II

■ Appellant argues that the district court erred by sentencing him on any conviction other than the drive-by conviction. We review the legality of multiple sentences de novo. *State v. Jeter,* 558 N.W.2d 505, 506 (Minn.App.1997).

■ Minnesota law prohibits multiple sentences for two or more offenses committed as part of a single behavioral incident. Minn.Stat. § 609.035, subd. 1 (2006).[2] Instead, the defendant is to be punished only for the most serious offense. *State v. Kebaso,* 713 N.W.2d 317, 322 (Minn.2006). An exception to this rule allows the imposition of multiple sentences if the single behavioral incident is composed of crimes committed against multiple victims and if the sentences do not unfairly exaggerate the criminality of the defendant's conduct. *State v. Marquardt,* 294 N.W.2d 849, 850–51 (Minn.1980). The parties here agree that the crimes underlying appellant's nine convictions were committed as part of a single behavioral incident. They also agree that drive-by

---

ward durational departure. The district court explained that this departure was not based on any mitigating factors but was made so that nine sentences could be imposed without exceeding appellant's initial total sentence.

**2.** The statute contains exceptions for certain offenses not relevant to this appeal.

shooting toward an occupied building is a more serious offense than second-degree assault.[3]

In our decision of appellant's first appeal, we instructed the district court to resentence appellant in accordance with *State v. Franks*. In *Franks*, the defendant was convicted of one count of engaging in a pattern of harassing conduct and four counts of violating an order for protection, arising out of the defendant's conduct that affected a single victim. 765 N.W.2d at 69. The district court sentenced the defendant on each of the four counts of violation of an order for protection. *Id.* at 70. But the supreme court held that "the pattern of harassing conduct crime is the more serious crime and *the* crime on which the district court should have imposed sentence." *Id.* at 78 (emphasis added).

■ Our resolution of this appeal depends on the application of the rule in *Franks* to a situation involving multiple victims. Appellant argues that multiple sentences may be imposed for crimes committed against multiple victims as part of a single behavioral incident, but only for the most serious offense against each victim. We agree.

■ Caselaw supports appellant's reading of *Franks*. In *State v. Padilla*, the

defendant was convicted of, among other offenses, one count of drive-by shooting toward a building occupied by eight people. No. A08–0224, 2009 WL 749171, at *1–2 (Minn.App. Mar. 24, 2009), *review denied* (Minn. May 27, 2009).[4] The defendant was also convicted of first-degree assault against the occupant who had been struck by a bullet. *Id.* The district court imposed sentence on (1) the most serious offense against the victim who had been shot (the assault), and (2) the most serious offense against the other victims (the drive-by shooting).[5] *Id.* at *1. On appeal, the defendant argued that he could only be sentenced on one of the two crimes because they were committed as part of a single behavioral incident. *Id.* at *1–2. This court upheld the multiple sentences because "the charge of drive-by shooting of an occupied home involved victims in addition to the victim of first-degree assault." *Id.* at *3.

In *State v. Edwards*, the defendant shot three people. 774 N.W.2d 596, 599–600 (Minn.2009). He was charged with and convicted of one count of first-degree assault and three counts of drive-by shooting. *Id.* at 599. The most serious offense against one of the victims was first-degree assault, the most serious offense against the second victim was drive-by shooting,

---

3. The seriousness of an offense can be determined by analyzing the severity-level rankings and the statutory maximums. *Franks*, 765 N.W.2d at 77–78; *Kebaso*, 713 N.W.2d at 322–23 & n. 6. Drive-by shooting toward an occupied building or vehicle is a Level VIII offense under the sentencing guidelines, punishable by a maximum of ten years in prison. Minn.Stat. § 609.66, subd. 1e(b) (2006); Minn. Sent. Guidelines V (2007). Second-degree assault is a Level VI offense, punishable by a maximum of seven years in prison. Minn.Stat. § 609.222, subd. 1 (2006) (assault with a dangerous weapon); Minn. Sent. Guidelines V (2007).

4. Although unpublished opinions of this court are not precedential, we may consider them for their persuasive value. *State v. Omwega*, 769 N.W.2d 291, 294 n. 2 (Minn.App.2009), *review denied* (Minn. Sept. 29, 2009).

5. *Compare* Minn.Stat. § 609.221, subd. 1 (2006) (stating that first-degree assault is punishable by a maximum of 20 years in prison), *and* Minn. Sent. Guidelines V (2007) (stating that first-degree assault is a Level IX offense), *with* Minn.Stat. § 609.66, subd. 1e(b) (stating that drive-by shooting toward an occupied building is punishable by a maximum of ten years in prison), *and* Minn. Sent. Guidelines V (2007) (stating that drive-by shooting toward an occupied building is a Level VIII offense).

and the most serious offense against the third victim was drive-by shooting. *See id.* at 600. The district court imposed three sentences, one for the most serious offense committed against each of the three victims. The supreme court addressed the permissibility of a departure in sentencing on the assault conviction, but not the choice of offenses on which to impose sentence. *Id.* at 606–08.

In both *Padilla* and *Edwards*, the defendants received multiple sentences for crimes committed against multiple victims as part of a single behavioral incident. But consistent with appellant's reading of *Franks*, the defendants were sentenced only on the most serious offense committed against each victim. We therefore conclude that a defendant convicted of offenses arising out of a single behavioral incident and committed against multiple victims may be sentenced only on the most serious offense against each victim.

Here, appellant was convicted of eight counts of aiding and abetting second-degree assault—one count for each victim. Appellant was also convicted of one count of drive-by shooting; this offense was committed against all eight victims. The most serious offense against each victim was the drive-by shooting. Because appellant can be sentenced only on the drive-by conviction, the district court erred by imposing sentence on all nine convictions.[6]

■ We now turn to appellant's argument that his eight assault sentences should be vacated, but his 39-month drive-by sentence should stand. The record establishes that the district court departed downward on the drive-by sentence so as not to exceed appellant's original total sentence of 75 months. This departure was

the result of the district court's erroneous legal interpretation that appellant can be punished for more than the most serious offense against each victim. Because the district court twice imposed a total sentence of 75 months and stated during resentencing that the downward durational departure is not supported by mitigating circumstances, it is not clear that a 39-month sentence effectuates the intention of the district court. We therefore vacate appellant's sentences and remand for appellant to be resentenced only on the drive-by conviction. *See Bangert v. State,* 282 N.W.2d 540, 544, 547 (Minn.1979) (remanding for resentencing where an initial sentence involved an error of law and it was not clear that the sentence, as corrected by the postconviction court, effectuated the intention of the sentencing judge). The district court may consider a departure up to appellant's initial total sentence of 75 months. *See State v. Medibus–Helpmobile, Inc.,* 481 N.W.2d 86, 93 (Minn.App. 1992) (remanding for resentencing and permitting the district court to depart from the presumptive sentence "up to the sentence durations already imposed, if there are grounds for departure properly stated"), *review denied* (Minn. Mar. 19, 1992).

## DECISION

Because appellant was on probation for a conviction of gross-misdemeanor driving while impaired when he committed the charged offenses, the district court did not abuse its discretion by assigning him a custody-status point. Because the most serious offense against each victim was drive-by shooting toward an occupied

6. Had appellant been charged with and convicted of more than one count of drive-by shooting, multiple sentences might have been

appropriate. *See Edwards,* 774 N.W.2d at 605.

building, appellant may be sentenced only on that conviction.

**Reversed and remanded.**